IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NOS. 5:16-CV-00037-RLV-DSC & 5:16-CV-00045-RLV-DSC

| | |
|---|---|
| **CURTIS R. PENDLETON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) | **ORDER** |
| ) | |
| **ROBERT L. REID, ET AL.,** ) ) | |
| **Defendants.** ) ) | |
| **FLOYD SCROGHAM, INDIVIDUALLY AND ONBEHALF OF ALL OTHERS SIMILARLY SITUATED,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | |
| **ROBERT L. REID, ET AL.,** ) ) | |
| **Defendants.** ) ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiffs' Unopposed Motions for Consolidation of Related Cases and Appointment of Interim Co-Lead Counsel (hereinafter, the "Consolidation Motions"). [Doc. No. 15] (Civil Action No. 5:16-CV-00037); [Doc. No. 11] (Civil Action No. 5:16-CV-00045). For good cause shown, the Court **GRANTS** the Consolidation Motions.

**IT IS, THEREFORE, ORDERED THAT**

(1) The above-captioned actions are hereby consolidated for all purposes into one action (the "Consolidated Action");

-1-

(2) Following this Order, litigation-related documents need only be filed in the Consolidated Action;

(3) The caption of the Consolidated Action shall be "IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION," except the action shall be recorded, henceforth, only as Civil Action No. 5:16-CV-00037;

(4) Plaintiff Curtis R. Pendleton is appointed Interim Lead Plaintiff for the proposed class in the Consolidated Action;

(5) The law firms of Faruqi & Faruqi, LLP, and Ademi & O'Reilly, LLP shall serve as Interim Co-Lead Counsel;

(6) The law firm of Ward Black Law shall serve as Interim Co-Liaison Counsel;

(7) The law firm of Levi & Korsinsky, LLP shall serve as additional class counsel;

(8) Defendants take no position as to the appointment of lnterim Lead Plaintiff, Interim Co-Lead Counsel, Interim Co-Liaison Counsel, or additional class counsel. Defendants do not waive, and expressly preserve, all rights and defenses, and nothing in this Order shall be interpreted or construed as a determination as to the appropriateness of the proposed class, class representative, or class counsel;

(9) All documents previously filed to date in any of the cases consolidated herein are deemed filed and are a part of the record in the Consolidated Action. The complaint filed on February 29, 2016 in the Pendleton action shall be designated the operative complaint ("Operative Complaint"). *See* [Doc. No. 1] (Civil Action No. 5:16-CV-00037). Plaintiffs and Defendants shall confer with respect to a schedule for answering or otherwise responding to the Operative Complaint. Defendants need

not respond to any complaint or discovery requests filed in any action subject to consolidation with the Consolidated Action;

(10) Defendants' counsel may rely upon all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs;

(11) Interim Co-Lead Counsel shall set policy for Plaintiffs for the prosecution of this litigation, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of Plaintiffs with respect to the initiation and conduct of discovery proceedings, and provide supervision and coordination of the activities of Plaintiffs' counsel;

(12) Interim Co-Lead Counsel, in consultation with Interim Co-Liaison Counsel, shall assume the following powers and responsibilities:

    (a)    coordinate and direct the preparation of pleadings;

    (b)    coordinate and direct the briefing and argument of motions;

    (c)    coordinate and direct the conduct of discovery and other pretrial proceedings;

    (d)    coordinate and direct class certification proceedings;

    (e)    coordinate the selection of counsel to act as Plaintiffs' spokesperson at pretrial conferences;

    (f)    call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time;

    (g)    conduct any and all settlement negotiations with counsel for the Defendants;

    (h)    coordinate and direct the preparation for trial and trial of this matter, and to

    delegate work responsibilities to selected counsel as may be required; and

 (i)  coordinate and direct any other matters concerning the prosecution or resolution of the Consolidated Action;

(13) Plaintiffs' Interim Co-Liaison Counsel shall also be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court, as well as for communications to and from this Court. No motion, request for discovery, or other pretrial or trial proceedings shall be initiated or filed by any Plaintiffs except through Plaintiffs' Interim Co-Liaison Counsel; and

(14) This Order shall apply to this Consolidated Action and any future-filed actions relating to the subject matter of this case. When an action or document that properly belongs as part of the Consolidated Action is hereafter filed, the parties are **HEREBY ORDERED** to bring any such action, or related filing, to the Court's attention promptly. Counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

**SO ORDERED**.

      Signed: March 31, 2016

      *[Signature]*

      Richard L. Voorhees
      United States District Judge