IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-00037-RLV-DSC

| | |
|---|---|
| **IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION** ) ) ) ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff Curtis Pendleton's Unopposed Motion to be Appointed Lead Plaintiff and Approval of Counsel Selection (the "Motion"). [Doc. No. 25]. The Motion is **GRANTED** based upon the following findings:

**WHEREAS**, two actions were filed, Civil Action No. 5:16-cv-00037 (*Pendleton v. CommunityOne Bancorp, et al.*), and Civil Action No. 5:16-cv-00045 (*Scrogham v. CommunityOne Bancorp, et al.*), asserting claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9 ("Rule 14a-9"), regarding Capital Bank Financial Corp.'s ("Capital Bank") proposed acquisition of CommunityOne Bancorp ("CommunityOne" or the "Company"), and were consolidated by order of this Court on March 31, 2016 under case number 5:16-cv-00037 ("March 31 Order") (Doc. No. 17);

**WHEREAS**, the March 31 Order, also appointed Faruqi & Faruqi, LLP (the "Faruqi Firm") and Ademi & O'Reilly, LLP (the "Ademi Firm") as Interim Co-Lead Counsel and Ward Black Law as Interim Liaison Counsel;

**WHEREAS**, in accordance with the provisions of Section 21D(a)(3)(A)(i) of the Exchange Act, on March 18, 2016, counsel for plaintiff in the first-filed action published notice via *PR Newswire*, a widely circulated national business-oriented wire service, advising members of the putative class (the "Class") of the pendency of the action, the claims asserted therein, the

purported class period, and their right to move this Court to be appointed Lead Plaintiff;

**WHEREAS**, pursuant to Section 21D of the Exchange Act, any purported Class member or members desiring to be appointed lead plaintiff(s) was required to have filed a motion for such appointment by May 17, 2016;

**WHEREAS**, movant Curtis R. Pendleton ("Pendleton") has filed a timely motion to be appointed Lead Plaintiff;

**WHEREAS**, Pendleton has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Section 21D of the Exchange Act and Rule 23 of the Federal Rules of Civil Procedure; and

**WHEREAS**, in accordance with Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), Pendleton seeks approval of his selection of the Faruqi Firm and the Ademi Firm to serve as Co-Lead Counsel for the Class and Ward Black Law to serve as Liaison Counsel for the Class.

**AND NOW** the Court having considered Curtis R. Pendleton's Motion, the record as a whole, applicable law, and for good cause shown, it is hereby **ORDERED** as follows:

1. Pendleton's Motion is **GRANTED** with respect to his request to serve as Lead Plaintiff. Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), Pendleton is appointed as Lead Plaintiff to represent the interests of the Class in this Consolidated Action.

2. Pendleton's Motion is **GRANTED** with respect to his request for approval of counsel. Pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), the Faruqi Firm and the Ademi Firm are approved and appointed to serve Lead Plaintiff and the Class as Co-Lead Counsel and Ward Black Law is approved to serve the Lead Plaintiff and the Class as Liaison Counsel.

3. Defendants take no position as to the appointment of Lead Plaintiff, Co-Lead Counsel or Liaison Counsel. Defendants do not waive, and expressly preserve, all rights and defenses, and nothing in this Order shall be interpreted or construed as a determination as to the appropriateness of the proposed class, class representative, or class counsel.

4. No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Co-Lead Counsel.

5. Defendants' counsel may rely upon agreements made with Co-Lead Counsel. Such agreements shall be binding on all plaintiffs.

6. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

**SO ORDERED**.

Signed: July 21, 2016

Richard L. Voorhees
United States District Judge