# EXHIBIT 1

| IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION | STIPULATION OF SETTLEMENT |
|---|---|

This Stipulation of Settlement dated as of January 31, 2017 (the "Stipulation") is made and entered into in the above-captioned action by and among: (i) Plaintiffs Curtis Pendleton and Floyd Scrogham (on behalf of themselves and each of the Settlement Class Members (as defined in paragraph 1(r) below)), by and through their counsel of record, and (ii) Defendants (as defined in paragraph 1(e) below) by and through their respective counsel of record (collectively, the "Parties"). The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, settle and dismiss with prejudice the Settled Claims (as defined in paragraph 1(o) below), upon and subject to the terms and conditions hereof.

## I.    HISTORY OF THE LITIGATION

WHEREAS:

A.    On November 23, 2015, CommunityOne Bancorp ("CommunityOne") and Capital Bank Financial Corp. ("Capital Bank"), jointly announced entry into a definitive Agreement and Plan of Merger ("Merger Agreement") whereby CommunityOne will merge with and into Capital Bank (the "Merger"), with Capital Bank as the surviving corporation in the Merger. Immediately following the Merger, CommunityOne's wholly owned subsidiary, CommunityOne Bank, N.A., will merge with and into Capital Bank's wholly owned bank subsidiary with the Capital Bank subsidiary surviving. Under the Merger Agreement's terms, each issued and outstanding share of CommunityOne common stock will be cancelled and

automatically converted into the right to receive, at the election of each holder and subject to proration: (i) $14.25 in cash, or (ii) 0.430 shares of Capital Bank Class A common stock. No more than 85% of the outstanding CommunityOne shares will be converted into shares of Capital Bank and no more than 15% of the outstanding CommunityOne shares will be converted into cash.

B.      On December 18, 2015, Defendants (defined below) filed a Form S-4 Registration/Joint Proxy Statement ("S-4") with the U.S. Securities and Exchange Commission ("SEC") recommending CommunityOne stockholders vote in favor of the Merger Agreement. On February 16, 2016, and February 26, 2016, Defendants filed amended Forms S-4 with the SEC.

C.      On February 29, 2016, Pendleton filed a putative class action complaint (the "Pendleton Complaint"), on behalf of a putative class of all holders of CommunityOne's common stock, in the United States District Court for the Western District of North Carolina captioned *Curtis Pendleton v. Robert L. Reid et al.*, Case No. 05:16-CV-00037 (the "Pendleton Action").

D.      On March 14, 2016, Scrogham filed a putative class action complaint (the "Scrogham Complaint" and together with the Pendleton Complaint the "Complaints"), on behalf of a putative class of all holders of CommunityOne's common stock, in the United States District Court for the Western District of North Carolina captioned *Floyd Scrogham v. Robert L. Reid et al.*, Case No. 05:16-CV-00045 (the "Scrogham Action").

E.      The Complaints seek relief against CommunityOne, Capital Bank, and the following individuals: Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, and Boyd C. Wilson, Jr.  The Complaints

allege that the Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder.

F.        On March 4, 2016, Pendleton's counsel sent a demand letter to Defendants' counsel seeking the production of certain documents and taking depositions concerning the Merger prior to the shareholder vote on the Merger and Pendleton's anticipated motion to enjoin the Merger.

G.        After extensive negotiations between counsel, on or around March 9, 2016, Defendants and Pendleton entered into a confidentiality agreement regarding Defendants' production of internal corporate documents in response to Pendleton's March 4, 2016 letter. Pursuant to the March 9, 2016 confidentiality agreement, CommunityOne produced certain confidential documents to Pendleton's counsel.

H.        On March 15, 2016, Defendants filed with the SEC the Definitive Proxy that notified shareholders that the vote on the Merger would occur on April 18, 2016.

I.        On March 16, 2016, Pendleton's counsel served Defendants with a settlement demand letter to Defendants' counsel requesting that, among other things, CommunityOne make additional disclosures to its shareholders prior to the April 18, 2016 shareholder vote.

J.        On March 23, 2016, Pendleton and Scrogham filed a motion, unopposed by Defendants, to consolidate the Actions under the caption *In re CommunityOne Bancorp Consolidated Stockholder Litigation*, Case No. 5:16-cv-00037 (the "Consolidated Action," and together with Pendleton Action and the Scrogham Action, the "Actions"). The motion also sought to appoint Faruqi & Faruqi, LLP and Ademi & O'Reilly, LLP as Interim Co-Lead Counsel, Ward Black Law as Interim Co-Liaison Counsel, and Levi & Korsinsky, LLP as

additional class counsel. The Court granted that motion as set forth in an order dated March 31, 2016.

K.        After extensive arm's-length negotiations, the Parties entered into a Memorandum of Understanding ("MOU") dated March 31, 2016, which reflects an agreement in principle to settle the Actions on the terms and subject to the conditions set forth in therein.

L.        On April 6, 2016, pursuant to the terms of the MOU, the Current Report on Form 8-K, attached hereto as Exhibit A, containing certain supplemental disclosures set forth in Exhibit 99.2 thereto (the "Supplemental Disclosures") was filed with the SEC.

M.        On April 18, 2016, the stockholders of CommunityOne and Capital Bank voted to approve the Merger.

N.        On May 17, 2016, Pendleton filed a motion to appoint Pendleton as Lead Plaintiff for the Consolidated Action and the selection of Faruqi & Faruqi, LLP and Ademi & O'Reilly, LLP as Co-Lead Counsel and Ward Black Law as Liaison Counsel. That motion was granted as set forth in an order dated July 21, 2016.

O.        On October 25, 2016, Plaintiffs' Counsel served CommunityOne's counsel with a written demand pursuant to the terms of the MOU for additional discovery concerning the Merger and to schedule the depositions of witnesses from CommunityOne and CommunityOne's financial advisor that rendered the fairness opinion regarding the Merger, Sandler O'Neil + Partners ("Sandler O'Neil"). CommunityOne's counsel responded on October 28, 2016 via letter and thereafter the parties negotiated the production of additional documents and the scheduling for depositions.

P.        The Merger closed on October 26, 2016.

4

Q. On November 15, 2016, Co-Lead Counsel took the deposition of CommunityOne's former Chief Executive Officer and Board member, Robert L. Reid.

R. On December 2, 2016, Co-Lead Counsel took the deposition of a representative of Sandler O'Neil, Scott M. A. Clark.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the parties hereto:

II.     **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the following meanings:

a.      "Action" means the action pending in the Court (as defined in paragraph (1)(d) below) captioned *In re CommunityOne Bancorp Consolidated Stockholder Litigation*, Case No. 5:16-cv-00037.

b.      "Capital Bank" means Capital Bank Financial Corp. and its predecessors, successors, parents, subsidiaries, divisions, and affiliates.

c.      "CommunityOne" means CommunityOne Bancorp and its predecessors, successors, parents, subsidiaries, divisions, and affiliates.

d.      "Court" means the United States District Court for the Western District of North Carolina.

e.      "Defendants" means, individually and collectively, Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, Boyd C. Wilson, Jr., CommunityOne, and Capital Bank.

f.      "Effective Date of the Settlement" means the earliest business day after the occurrence of all of the events specified in paragraph 8.

5

g.      "Final Approval" means that the Court has entered an order approving the Settlement and that such order is finally affirmed on appeal or is no longer subject to appeal and the time for any petition for reargument, appeal, or review, by discretionary review or otherwise, has expired.

h.      "Final Judgment" means the proposed Order and Final Judgment substantially in the form of Exhibit D attached hereto or as modified pursuant to agreement of the parties or order of the Court.

i.      "Notice" means the Notice of Pendency and Proposed Settlement of Class Action that is to be sent to Settlement Class Members (as defined in paragraph 1(r)) substantially in the form of Exhibit C attached hereto or as modified pursuant to agreement of the Parties or order of the Court.

j.      "Notice and Scheduling Order" means the Order for Notice and Scheduling of Hearing of Settlement substantially in the form of the proposed order attached hereto as Exhibit B or as modified pursuant to agreement of the Parties or order of the Court.

k.      "Parties" means collectively, each of the Defendants, and Plaintiffs on behalf of themselves and the Settlement Class Members (as defined in paragraph 1(r)).

l.      "Plaintiffs" means Curtis Pendleton and Floyd Scrogham.

m.      "Plaintiffs' Counsel" means Co-Lead Counsel Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017; Ademi & O'Reilly, LLP, 3620 E. Layton Avenue, Cudahy, WI 53110; Ward Black Law, 208 W. Wendover Ave., Greensboro, NC 27401; Levi & Korsinsky, LLP, 733 Summer Street, Suite 304,

6

Stamford, CT 06901; and their partners, officers, of counsel, principals, associates, and employees.

n.      "Released Persons" means every entity or natural person named as a defendant in the complaint or amended complaint in any of the Actions, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were served with process or appeared in the Actions.

o.      "Settled Claims" means any and all manner of claims, demands, rights, liabilities, damages, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or

not liquidated, fixed or contingent, that Plaintiffs or any or all other Settlement Class Members ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, that could be brought by any Settlement Class Member based on his, her, or its ownership of CommunityOne stock during the Class Period (defined in paragraph 1(q)), against any of the Released Persons (defined in paragraph 1(n)), in any court, tribunal, forum or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of CommunityOne), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement; (ii) any deliberations or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Defendants, and any of their respective officers, directors, principals, partners, or advisors; (iii) the consideration to be received by Class members in connection with the Merger; (iv) any other transaction or strategic option that CommunityOne did consider or could have considered as an alternative to the Merger; (v) the S-4 and all amendments thereto, the definitive joint proxy statement, and/or any public filings, press releases, or other disclosures made available or filed relating, directly or indirectly, to the Merger; (vi) any of the allegations in any of the complaints in the Actions, or any other actions, transactions, occurrences, statements, representations, omissions, allegations, facts, practices, events, claims, or any other matters, things, or causes whatsoever, that could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or otherwise related in

any way to, the Actions or the subject matter of the Actions; or (vii) any benefits or consideration received by any of the Defendants in connection with the Merger; provided, however, that the Settled Claims shall not include claims or rights to enforce the Settlement or any claims or rights of any Defendant against its insurers or its insurers' successors or assignees.

        p.      "Settlement" means the settlement contemplated by this Stipulation.

        q.      "Settlement Class" means a class without opt-out rights, certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23, consisting of any and all record holders and beneficial owners of common stock of CommunityOne who held or owned such stock at any time during the period beginning on and including November 23, 2015, through and including the date of consummation of the Merger (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Class"); provided that Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors in interest thereto.

        r.      "Settlement Class Members" means a person who, or entity that falls within the definition of the Settlement Class as set forth above in paragraph 1(q).

s.      "Settlement Hearing" means the final hearing to be held by the Court to determine whether the Settlement (defined in paragraph 1(p)) should be approved and the Final Judgment (defined in paragraph 1(h)) should be entered.

## III.      TERMS OF THE SETTLEMENT

2.      In consideration for the full and final settlement and release of all Settled Claims (as defined in paragraph 1(o)) and the dismissal with prejudice of the Action, and the other consideration set forth herein, CommunityOne agreed to provide, and did provide, the Supplemental Disclosures in a Current Report on Form 8-K filed with the SEC on April 6, 2016. Plaintiffs and Plaintiffs' Counsel were provided with and reviewed the Supplemental Disclosures prior to their filing with the SEC and the Parties' execution of the MOU. Without admitting any wrongdoing, Defendants acknowledge that CommunityOne's decision to make the Supplemental Disclosures was the result of the pendency of the Actions, Defendants' desire to settle the Actions, and negotiations between counsel for Defendants and Co-Lead Counsel for Plaintiffs. Plaintiffs and Plaintiffs' Counsel believe that, with the addition of the Supplemental Disclosures, the definitive joint proxy statement is materially complete and not misleading.

3.      The Settlement set forth herein reflects the results of the Parties' negotiations and was reached after arm's-length negotiations between the Parties, all of whom were represented by counsel with extensive experience and expertise in shareholder class action litigation.   All Parties represent that, during the negotiations, they had a clear view of the strengths and weaknesses of their respective claims and defenses.

4.      Plaintiffs and Plaintiffs' Counsel believe that the claims they have asserted in the Actions have legal merit, and that their claims were brought in good faith, and the entry by Plaintiffs into this Stipulation and Settlement is not an admission as to the lack of merit of any claims asserted in the Actions, but that they entered into the Stipulation and Settlement because

they believe the Settlement provides substantial benefits to the shareholders of CommunityOne, including an opportunity to make more fully informed decisions with respect to the Merger, and is fair, reasonable, and adequate.

5. Defendants have denied, and continue to deny, any wrongdoing or liability with respect to all claims asserted in the Actions, including that they have committed any violations of law, that they have acted improperly in any way, that they have any liability or owe any damages of any kind to Plaintiffs or the Settlement Class, and that any additional disclosures (including the additional disclosures made in the Supplemental Disclosures) are required under any applicable rule, regulation, statute, or law, but are entering into this Stipulation and Settlement solely because they consider it desirable that the litigation be settled and dismissed with prejudice in order to, among other things, (i) eliminate the burden, inconvenience, expense, distraction and uncertainty of further litigation; and (ii) finally resolve and terminate the Settled Claims that were or could have been asserted against Defendants in the Actions.

## IV.    RELEASES

6. Upon the Effective Date of the Settlement (as defined in paragraph 1(f)), the Settled Claims (as defined in paragraph 1(o)) shall fully, finally and forever be completely, individually, collectively, and derivatively, settled, released, discharged, extinguished and dismissed with prejudice on the merits.  The release provided for in this paragraph shall include all Settled Claims on behalf of Plaintiffs herein and all Settlement Class Members (as defined in paragraph 1(r)). Plaintiffs and all members of the Settlement Class shall be forever barred and enjoined from instituting, prosecuting, participating in, continuing, maintaining or asserting any Settled Claims, or assisting any person or entity in instituting, prosecuting, participating in, continuing, maintaining or asserting any Settled Claims, against any of the Released Persons (as

11

defined in paragraph 1(n)), whether directly or indirectly, on their own behalf or on behalf of any class or other person, in any jurisdiction, unless required to do so by law.

7. Upon the Effective Date of the Settlement (as defined in paragraph 1(f)), Defendants (as defined in paragraph 1(e)) release Plaintiffs (as defined in paragraph 1(l)) and Plaintiffs' Counsel (as defined in paragraph 1(m)) from any and all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions; provided, however, that Defendants shall retain the right to enforce the terms of this Stipulation and the Settlement and any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

8. Upon the Effective Date of the Settlement, all persons and parties who are releasing any claims in the Settlement (each a "Releasing Person") shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Persons also shall waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth herein, including any rights pursuant to any similar, comparable or equivalent provisions to Section 1542 of the California Civil Code or concerning the release of unknown claims. Plaintiffs, for themselves and on behalf of the Settlement Class, acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of

Case 5:16-cv-00037-RLV-DSC   Document 27-4   Filed 02/17/17   Page 13 of 72

this release, but that it is their intention to fully, finally and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs acknowledge, and the members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, was relied upon by each and all of the Defendants in entering into the Settlement, and is an integral element of the Settlement, without which the Parties would not agree to the Settlement.

## V.   SUBMISSION AND APPLICATION TO THE COURT

9.     As soon as practicable after this Stipulation has been executed, the Parties shall present the Settlement and Stipulation to the Court and shall apply for entry of a Notice and Scheduling Order in the form attached hereto as Exhibit B, providing for, among other things, (i) preliminary approval of the Settlement; (ii) certification of the Settlement Class, for settlement purposes only; (iii) approval of the proposed Notice attached hereto as Exhibit C; and (iv) scheduling of a Settlement Hearing.  The Parties will use their best efforts to obtain expeditiously Final Approval of the Settlement and Stipulation and the dismissal of the Action with prejudice.

10.     CommunityOne (or its successor(s) in interest or insurers) shall be responsible for providing Notice of the Settlement to the Settlement Class Members and shall pay all reasonable costs and expenses incurred in connection therewith.

## VI.   CONDITIONS OF SETTLEMENT

11.     This Stipulation and the Settlement provided for herein are expressly conditioned on and subject to:  (i) the consummation of the Merger; (ii) the certification of the proposed Settlement Class (as defined in paragraph 1(q)) on a non-opt out basis for purposes of settlement only; (iii) dismissal of the Actions with prejudice on the merits as to all members of

13

the Class (including Plaintiffs) without the award of any damages, costs, fees or the grant of further relief except for the payments contemplated by the Settlement; (iv) approval of a release of the Released Persons by the Court, in accordance with the definition of Settled Claims and other provisions of this Stipulation; (v) entry of a Final Judgment; and (vi) Final Approval of the Settlement.

12.      Defendants shall have the right to withdraw from and terminate the Settlement in the event that (i) any court permanently or temporarily enjoins or otherwise precludes the Merger; (ii) Final Approval of the Settlement is not obtained for any reason; or (iii) any Released Claim is commenced or prosecuted against any of the Released Parties in any court prior to Final Approval of the Settlement, and (following a motion by any Defendant) any such claim is not dismissed with prejudice or stayed in contemplation of dismissal with prejudice following Final Approval. In the event that any such claim is commenced or prosecuted against any of the Released Parties, the Parties shall cooperate and use their best efforts to secure the dismissal with prejudice thereof (or a stay thereof in contemplation of dismissal with prejudice following Final Approval of the Settlement).

13.      This Stipulation shall be null and void and of no force or effect should the Settlement not obtain Final Approval for any reason, the Court decline to certify a Settlement Class as described in this Stipulation, or any of the conditions set forth in paragraph 10 not be met. If the Settlement does not receive Final Approval or is nullified or terminated for any reason, (i) the parties shall be deemed to be in the position they were in prior to the execution of the MOU; (ii) the statements made in the MOU, this Stipulation and in connection with the negotiation of the MOU, this Stipulation or the Settlement shall not be deemed to prejudice in any way the positions of the Parties with respect to the Actions, or any other litigation or judicial

proceeding, or to constitute an admission of fact or wrongdoing by any of the Parties, shall not be used or entitle any of the Parties to recover any fees, costs, or expenses incurred in connection with the Actions or in connection with any other litigation or judicial proceeding; and (iii) neither the existence of the Settlement, the MOU or this Stipulation, nor any of their contents or any statements made in connection with their negotiation, or any other settlement communications, shall be admissible in evidence or shall be referred to for any purpose in the Actions or in any other litigation or judicial proceeding.

VII.     ATTORNEYS' FEES

14.     After negotiating the substantive terms of the Settlement, the Parties engaged in an arm's-length negotiation regarding attorneys' fees and expenses to be paid to Plaintiffs' Counsel for their role in the prosecution and settlement of the Action.  As a result of these negotiations, Defendants have agreed not to object to or oppose an application for fees, costs and expenses made by Plaintiffs' Counsel, provided that such an application is made in an aggregate amount no greater than $500,000.00 (the "Agreed Fee").  CommunityOne or its successor(s) shall pay the amount, if any, of the attorneys' fees, costs and expenses approved and awarded by the Court up to the amount of the Agreed Fee (the "Fee Award") to Plaintiffs' Counsel on behalf of all Defendants within ten (10) days after (a) the Court's entry of the Final Judgment or judgment substantially in the form of Exhibit D awarding such attorneys' fees, costs and expenses, notwithstanding any objection thereto or potential appeal therefrom; and (b) receipt of written payment instructions from Plaintiffs' Counsel.  In the event that the Effective Date of the Settlement does not occur, the Final Judgment is reversed or modified on appeal, the order of the Court approving the Fee Award is reversed or modified on appeal, or the Fee Award is reduced as a result of any further proceedings or successful collateral attack, then it shall be the obligation of Plaintiffs' Counsel to make appropriate refunds or repayments to

15

CommunityOne or its successor(s) of a portion of the Fee Award previously paid consistent with such reversal, modification or reduction, within twenty (20) days from receiving notice thereof.

15.     Court approval of the Settlement shall not in any way be conditioned on Court approval of any application for attorneys' fees, costs or expenses. Any failure of the Court to approve any requested award of attorneys' fees, costs or expenses, in whole or in part, shall not affect the remainder of the Settlement.

16.     Plaintiffs' Counsel, jointly and in their sole discretion, shall determine the allocation among counsel for the Plaintiffs of any attorneys' fees, costs and expenses approved by the Court and paid by Defendants. Defendants shall have no responsibility for, and liability with respect to, the allocation or distribution of any attorneys' fees, costs or expenses among counsel for Plaintiffs or any other person or entity who may assert any claim thereto. Except as provided herein, the Released Persons shall bear no other expenses, costs, damages, or fees alleged or incurred by Plaintiffs in connection with the Actions or by any of their attorneys, experts, advisors, agents, or representatives.

## VIII.     MISCELLANEOUS PROVISIONS

17.     All Parties agree to at all times support this Settlement in accordance with and subject to its terms and agree not to, in any manner, undermine, or take any action the effect of which would be to undermine this Settlement.

18.     Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are and have been continuous shareholders of CommunityOne at all relevant times, including the entire Class Period, and that none of Plaintiffs' claims or causes of action referred to in the Complaints, in the Actions or in this Stipulation have been assigned, encumbered or in any manner transferred, in whole or in part. Plaintiffs shall provide to counsel for Defendants

promptly, and in any event prior to the submission of this Settlement and Stipulation to the Court for approval, written proof of ownership of CommunityOne stock at all relevant times.

19.    The Parties agree that, pending Final Approval, all proceedings in the Actions, except those related to the Settlement, shall be stayed.  Plaintiffs agree not to initiate, assert, commence, prosecute, assist, instigate, continue, or in any way participate in any other proceedings in any forum, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, any Settled Claims against any Released Person, other than those that are incident to the Settlement itself.  The Parties also agree to use their best efforts to prevent, stay or seek dismissal of or oppose entry of any interim or final relief in favor of any Settlement Class Member in any other litigation against any of the parties to this Stipulation which challenges the Settlement, the Merger or the Merger Agreement or otherwise involves a Settled Claim.

20.    The provisions contained in this Stipulation and all negotiations, discussions and proceedings in connection with this Settlement shall not be deemed or constitute a presumption, concession or an admission by any party in the Action of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of this Stipulation.

21.    This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and may not be amended, nor any of their provisions be waived, except by a writing signed by all of the parties hereto.

Case 5:16-cv-00037-RLV-DSC   Document 27-4   Filed 02/17/17   Page 18 of 72

22.     This Stipulation, and all rights and powers granted hereby, shall be binding on and inure to the benefit of the parties hereto (including all Settlement Class Members) and their respective agents, executors, heirs, legal representatives, successors and assigns.

23.     This Stipulation shall be governed by, and construed in accordance with the laws of the State of North Carolina, exclusive of choice of law provisions.

24.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

25.     Released Persons who are not Parties hereto shall be third-party beneficiaries under this Stipulation entitled to enforce it in accordance with its terms.

26.     This Stipulation will be executed by counsel for the Parties, each of whom represents and warrants that he has the authority from his client(s) to enter this Stipulation.

27.     This Stipulation may be signed in any number of counterparts with the same effect as if the signatures thereto and hereto were upon the same instrument. Signed signature pages of this Stipulation may be delivered by facsimile, e-mail or PDF transmission, which will constitute complete delivery without any necessity for delivery of originally signed signature pages in order for this to constitute a binding agreement.

**Counsel for Plaintiffs:**

James M. Wilson , Jr.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Janet Ward Black
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
Fax: 336-379-9415
Email: jwblack@wardblacklaw.com

Guri Ademi
Ademi & O'Reilly, LLP
3620 E. Layton Avenue
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: gademi@ademilaw.com

*Plaintiffs' Co-Lead Counsel and Counsel*
*for Plaintiff Curtis R. Pendleton*


_____
Shane T. Rowley
Levi & Korsinsky LLP
733 Summer Street, Suite 304
Stamford, CT 06901
203-992-4523
Fax: 212-363-7171
Email: srowley@zlk.com

*Counsel for Plaintiff Floyd Scrogham*


**Counsel for CommunityOne and Robert L.**      _____
**Reid, Scott B. Kauffman, Jerry R. Licari, J.**      John C. Massaro
**Chandler Martin, T. Gray McCaskill, H. Ray**      Arthur Luk
**McKenney, John C. Redett, and Boyd C.**      Arnold & Porter Kaye Scholer LLP
**Wilson, Jr.:**      601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
Email: john.massaro@apks.com
Email: arthur.luk@apks.com

19

Janet Ward Black
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
Fax: 336-379-9415
Email: jwblack@wardblacklaw.com

Guri Ademi
Ademi & O'Reilly, LLP
3620 E. Layton Avenue
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: gademi@ademilaw.com

*Plaintiffs' Co-Lead Counsel and Counsel
for Plaintiff Curtis R. Pendleton*

_____
Shane T. Rowley
Levi & Korsinsky LLP
733 Summer Street, Suite 304
Stamford, CT 06901
203-992-4523
Fax: 212-363-7171
Email: srowley@zlk.com

*Counsel for Plaintiff Floyd Scrogham*

**Counsel for CommunityOne and Robert L.**
**Reid, Scott B. Kauffman, Jerry R. Licari, J.**
**Chandler Martin, T. Gray McCaskill, H. Ray**
**McKenney, John C. Redett, and Boyd C.**
**Wilson, Jr.:**

_____
John C. Massaro
Arthur Luk
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
Email: john.massaro@apks.com
Email: arthur.luk@apks.com

19

H. Landis Wade , Jr.
McGuireWoods, LLP
PO Box 31247
Charlotte, NC 28231
704-343-2056
Fax: 704-444-8780
Email: lwade@mcguirewoods.com

**Counsel for Capital Bank Financial Corp.:**

S. Christopher Szczerban
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
212-403-1000
Fax: 212-403-2000
Email: SCSzczerban@wlrk.com

Ronald R. Davis
Brent F. Powell
Womble Carlyle Sandridge & Rice LLP
One West Fourth Street
Winston-Salem, NC 27106
336-721-3600
Email: rdavis@wcsr.com
Email: brpowell@wcsr.com

<u>**EXHIBIT A**</u>

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# FORM 8-K

**CURRENT REPORT**

**Pursuant to Section 13 or 15(d) of The Securities Exchange Act of 1934**

Date of Report (Date of earliest event reported): **April 1, 2016**

# COMMUNITYONE BANCORP
(Exact name of registrant as specified in its charter)

| **North Carolina** | **000-13823** | **56-1456589** |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification Number) |

**1017 East Morehead Street, Charlotte North Carolina 28204**
(Address of principal executive offices)

Registrant's telephone number, including area code: **(336) 626-8300**

**N/A**
(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

[ X ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
[    ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
[    ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))
[    ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Item 8.01 Other Events**

As previously announced, on November 22, 2015, Capital Bank Financial Corp. ("Capital Bank Financial") entered into an Agreement and Plan of Merger with CommunityOne Bancorp ("CommunityOne") that provides for the combination of the two companies (the "merger"). As disclosed in the definitive joint proxy statement/prospectus dated March 15, 2016, a case captioned Robert Garfield v. Capital Bank Financial Corp., et al., No. 2016-001194-CA-01 (the "Garfield Action") was filed on January 16, 2016 in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida on behalf of a putative class of Capital Bank Financial shareholders against Capital Bank Financial, its directors, and CommunityOne. The complaint in the Garfield Action alleges, among other things, that the Capital Bank Financial director defendants breached their fiduciary duties by approving the merger, that CommunityOne aided and abetted such breaches, and that Capital Bank Financial, its directors and CommunityOne failed to disclose material information in connection with the merger. Also as previously disclosed in the definitive joint proxy statement/prospectus, a case captioned Curtis R. Pendleton v. Robert L. Reid, et al., No. 5:16-cv-00037 (the "Pendleton Action"), was filed on February 29, 2016 in the United States District Court for the Western District of North Carolina on behalf of a putative class of CommunityOne shareholders against CommunityOne, its directors, and Capital Bank Financial. On March 14, 2016, a case captioned Floyd Scrogham v. Robert L. Reid, et al., No. 5:16-cv-00045 (the "Scrogham Action") was filed in the United States District Court for the Western District of North Carolina on behalf of a putative class of CommunityOne shareholders against CommunityOne, its directors, and Capital Bank Financial. The complaint in the Scrogham Action, like the complaint in the Pendleton Action, alleges, among other things, that certain defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by issuing a Registration/Joint Proxy Statement that, plaintiffs allege, is materially incomplete and misleading. The Garfield, Pendleton and Scrogham Actions seek, among other things, an order enjoining the merger, as well as other equitable relief and/or money damages, interest, costs, fees (including attorneys' fees) and expenses. On March 31, 2016, the Pendleton and Scrogham Actions were consolidated for all purposes under the caption In re CommunityOne Bancorp Consolidated Stockholder Litigation, No. 5:16-cv-00037 (the "Consolidated WDNC Action").

On April 4, 2016, the parties to the Garfield Action entered into a stipulation of settlement providing for the settlement of the Garfield Action (the "Garfield Stipulation"). If the proposed settlement is finally approved by the court, it will release all claims in the Garfield Action that were or could have been brought challenging any aspect of the merger and any disclosures made in connection therewith and preclude further proceedings. The Garfield Stipulation provides that Capital Bank Financial will make certain supplemental disclosures related to the merger, all of which are set forth in Exhibit 99.1 hereto, which should be read in conjunction with the definitive joint proxy statement/prospectus.

On April 1, 2016, the parties to the Consolidated WDNC Action filed with the Court a memorandum of understanding in which the parties agreed on the terms of a settlement of those lawsuits. The memorandum of understanding provides that CommunityOne will make certain supplemental disclosures related to the merger, all of which are set forth in Exhibit 99.2 hereto, which should be read in conjunction with the definitive joint proxy statement/prospectus. The proposed settlement is conditional upon, among other things, the execution of an appropriate stipulation of settlement, consummation of the merger and final approval of the proposed settlement by the court. There can be no assurance that the parties to the Consolidated WDNC Action will ultimately enter into a stipulation of settlement or that the court will approve the settlement even if the parties were to enter into such stipulation. In such event, the proposed settlement as contemplated by the memorandum of understanding may be terminated. If the proposed settlement is finally approved by the court, it will release all claims in the Consolidated WDNC Action that were or could have been brought challenging any aspect of the merger and any disclosures made in connection therewith and preclude further proceedings.

Nothing in this Current Report on Form 8-K or any stipulation of settlement or memorandum of understanding shall be deemed an admission of the legal necessity or materiality of any of the disclosures set forth therein. The defendants agreed to the settlement of these lawsuits to avoid the uncertainty, costs, distraction and disruption inherent in litigation and without admitting that further supplemental disclosure is required under any applicable rule, statute, regulation or law. The settlements are subject to customary conditions, including, among other things, judicial approval of the proposed settlements following notice to the Capital Bank Financial and CommunityOne stockholders. Settlement hearings will be scheduled to consider the fairness, reasonableness, and adequacy of the proposed settlements. If each of the proposed settlements is finally approved by the respective courts considering such settlements, the settlements will resolve and release all claims in the Garfield Action and the Consolidated WDNC Action that were or could have been brought challenging any aspect of the proposed merger or the merger agreement and any disclosure made in connection therewith, pursuant to terms that will be disclosed to stockholders prior to final approval of the settlement by the respective courts. In addition, in connection with the proposed settlements, the parties contemplate that plaintiffs' counsel will seek awards of attorneys' fees and expenses from each respective court. Capital Bank Financial, CommunityOne or their successors will pay or cause to be paid those attorneys' fees and expenses awarded by the respective courts. Any settlement will not affect the amount of the merger consideration that stockholders are entitled to receive in the merger. There can be no assurance that the courts will approve the settlements.

**Forward-Looking Statements**

The information presented above may contain certain "forward-looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995. These statements include, but are not limited to, the expected completion date, financial benefits and other effects of the proposed merger of Capital Bank Financial or CommunityOne. Forward-looking statements can be identified by the use of the words "anticipate," "expect," "intend," "estimate," "target" and words of similar import. Forward-looking statements are not historical facts but instead express only management's beliefs regarding future results or events, many of which, by their nature, are inherently uncertain and outside of the management's control. It is possible that actual results and outcomes may differ, possibly materially, from the anticipated results or outcomes indicated in these forward-looking statements. Factors that may cause such a difference include, but are not limited to, the reaction to the transaction of the companies' customers, employees and counterparties; customer disintermediation; inflation; expected synergies, cost savings and other financial benefits of the proposed transaction might not be realized within the expected timeframes or might be less than projected; the requisite stockholder and regulatory approvals for the proposed transaction might not be obtained; credit and interest rate risks associated Capital Bank Financial's or CommunityOne's respective businesses, customer borrowing, repayment, investment and deposit practices and general economic conditions, either nationally or in the market areas in which Capital Bank Financial or CommunityOne operate or anticipate doing business, are less favorable than expected; new regulatory or legal requirements or obligations; the outcome of any legal proceedings related to the proposed merger; and other risks and important factors that could affect Capital Bank Financial's or CommunityOne's future results are identified in their Annual Report on Form 10-K for the year ended December 31, 2015 and other reports filed with the SEC. Forward-looking statements are made only as of the date of this Report, and neither Capital Bank Financial nor CommunityOne undertakes any obligation to update any forward-looking statements contained in this presentation to reflect events or conditions after the date hereof.

**Additional Information and Where to Find It**

This communication is being made in respect of the proposed merger transaction involving Capital Bank Financial or CommunityOne. Capital Bank Financial filed on December 18, 2015 a registration statement on Form S-4 with the SEC that includes a preliminary joint proxy statement of Capital Bank Financial and CommunityOne that also constitutes a preliminary prospectus of Capital Bank Financial. The SEC declared the registration statement effective on March 15, 2016. A definitive joint proxy statement/prospectus dated March 15, 2016 was mailed on or about March 18, 2016 to Capital Bank Financial's and CommunityOne's stockholders, seeking required stockholder approvals. Before making any voting or investment decision, investors and security holders of Capital Bank Financial and CommunityOne are urged to carefully read the entire registration statement and joint proxy statement/prospectus, as well as any amendments or supplements to these documents, because they contain important information about the proposed transaction. The documents filed by Capital Bank Financial and CommunityOne with the SEC may be obtained free of charge at the SEC's website at www.sec.gov. In addition, the documents filed by Capital Bank Financial may be obtained free of charge at Capital Bank Financial's website at http://investor.capitalbank-us.com and the documents filed by CommunityOne may be obtained free of charge at CommunityOne's website at http://ir.community1.com. Alternatively, these documents can be obtained free of charge from Capital Bank Financial upon written request to Capital Bank Financial Corp., Attention: Secretary, 4725 Piedmont Row Drive, Suite 110, Charlotte, North Carolina 28210 or from CommunityOne upon written request to CommunityOne Bancorp, Attention: Secretary, 1017 E. Morehead Street, Suite 200, Charlotte, North Carolina 28204.

Capital Bank Financial, CommunityOne, their directors, executive officers and certain other persons may be deemed to be participants in the solicitation of proxies from Capital Bank Financial's and CommunityOne's stockholders in favor of the approval of the merger. Information about the directors and executive officers of Capital Bank Financial and their ownership of Capital Bank Financial common stock is set forth in the proxy statement for Capital Bank Financial's 2015 annual meeting of stockholders, as previously filed with the SEC on April 30, 2015. Information about the directors and executive officers of CommunityOne and their ownership of CommunityOne common stock is set forth in the Annual Report on Form 10-K for the year ended December 31, 2015, as previously filed with the SEC on March 11, 2016. Stockholders may obtain additional information regarding the interests of such participants by reading the registration statement and the joint proxy statement/prospectus.

**Item 9.01 Financial Statements and Exhibits**

(d) Exhibits

| Exhibit No. | Description |
| --- | --- |
| 99.1 | Capital Bank Financial Corp. Supplemental Disclosures to the Joint Proxy Statement/Prospectus, dated March 15, 2016. |
| 99.2 | CommunityOne Bancorp Supplemental Disclosures to the Joint Proxy Statement/Prospectus, dated March 15, 2016. |

**SIGNATURE**

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

| April 6, 2016 | COMMUNITYONE BANCORP |
|---|---|
| (Date) | (Registrant) |
| | /s/ David L. Nielsen |
| | David L. Nielsen |
| | *Chief Financial Officer* |

**Exhibit Index**

| Exhibit No. | Description |
|---|---|
| 99.1 | Capital Bank Financial Corp. Supplemental Disclosures to the Joint Proxy Statement/Prospectus, dated March 15, 2016. |
| 99.2 | CommunityOne Bancorp Supplemental Disclosures to the Joint Proxy Statement/Prospectus, dated March 15, 2016. |

**EXHIBIT 99.1**

**Capital Bank Financial Corp. Supplemental Disclosures**

  In connection with the proposed settlement of the Garfield Action, as described in the Report to which this Exhibit is attached, Capital Bank Financial has agreed to make these supplemental disclosures to the joint proxy statement/prospectus filed with the Securities and Exchange Commission on March 15, 2016. This supplemental information should be read in conjunction with the joint proxy statement/prospectus, which should be read in its entirety. As noted above, none of the defendants has admitted wrongdoing of any kind, including but not limited to inadequacies in any disclosure, the materiality of any disclosure that the plaintiffs contend should have been made, any breach of any fiduciary duty, or aiding or abetting any of the foregoing. All page references in the information below are to pages in the joint proxy statement/prospectus, and terms used below have the meanings set forth in the joint proxy statement/prospectus, unless otherwise defined below. With the exception of the newly added section titled "The Merger-Financial Forecasts and Projections of Capital Bank Financial", additional disclosures are underlined and italicized for convenience.

***The following disclosure is added to the first bullet on page 20 under the heading "Summary-Interests of CommunityOne's Directors and Executive Officers in the Merger."***

·  Capital Bank Financial will appoint one member of the CommunityOne board of directors selected by Capital Bank Financial, in consultation with CommunityOne, and one designee of Oak Hill to serve on the Capital Bank Financial board. *It is currently expected that Robert L Reid, Chief Executive Officer and President of CommunityOne, will serve as the CommunityOne designee and that Scott B. Kaufman, a partner at Oak Hill, will serve as the Oak Hill designee.*

***The following disclosure is added to the second bullet on page 42 under the heading "Risk Factors-Certain of CommunityOne's directors and executive officers have interests in the merger that may differ from the interests of CommunityOne's shareholders."***

·  Capital Bank Financial will appoint one member of the CommunityOne board of directors selected by Capital Bank Financial, in consultation with CommunityOne, and one designee of Oak Hill to serve on the Capital Bank Financial board. *It is currently expected that Robert L Reid, Chief Executive Officer and President of CommunityOne, will serve as the CommunityOne designee and that Scott B. Kaufman, a partner at Oak Hill, will serve as the Oak Hill designee.*

***The following disclosure is added to the last paragraph on page 62 under the heading "The Merger-Background of the Merger."***

  On October 8, 2015, the President and CEO and the Chief Financial Officer of Capital Bank Financial met with representatives of the two largest shareholders of CommunityOne, affiliates of Carlyle and affiliates of Oak Hill (each of which owned approximately 23.8% of the outstanding CommunityOne common stock and would potentially continue to be large shareholders of a combined company). *At that meeting, the attendees discussed Capital Bank Financial's business strategy, corporate governance and management, as well as Capital Bank Financial's objectives for a possible combination of CommunityOne with Capital Bank Financial.*

- 1 -

**EXHIBIT 99.1**

*The following disclosure supplements and restates the third bullet on page 67 under the heading "The Merger-Capital Bank Financial's Reasons for the Merger; Recommendation of Capital Bank Financial's Board of Directors."*

·    the anticipated pro forma impact of the transaction on the combined company, including the expected impact on financial metrics including earnings and tangible book value *(estimated at the time of the November 22, 2015 meeting to result in a pro forma tangible book value dilution of $0.19 or 1.0% as of September 30, 2015)* and regulatory capital levels;

*The following disclosure is added as the new sixth bullet on page 68 under the heading "The Merger-Capital Bank Financial's Reasons for the Merger; Recommendation of Capital Bank Financial's Board of Directors."*

·    *the one-time transaction costs and expenses to be incurred in connection with the merger, estimated to be approximately $25 million pre-tax as of November 22, 2015;*

*The following disclosure is added as the new ninth bullet on page 68 under the heading "The Merger-Capital Bank Financial's Reasons for the Merger; Recommendation of Capital Bank Financial's Board of Directors."*

·    *the potential cost synergies and savings, estimated as of November 22, 2015 to be $8.5 million in 2016 and $17.0 million in 2017;*

*The following disclosure is added to the first full paragraph on page 78 under the heading "The Merger-Opinion of Evercore Group LLC."*

     In the ordinary course of business, Evercore or its affiliates may actively trade the securities, or related derivative securities, or financial instruments of Capital Bank Financial, CommunityOne or any of their respective affiliates, for its own account and for the accounts of its customers and, accordingly, may at any time hold a long or short position in such securities or instruments. *As of November 24, 2015, the date Evercore rendered its fairness opinion to the Capital Bank Financial board, Evercore did not hold any securities, or related derivative securities, or financial instruments of Capital Bank Financial, Community One or their respective affiliates, for its own account.*

*The following disclosure is added as a new section titled "The Merger-Financial Forecasts and Projections of Capital Bank Financial" following the section titled "The Merger-Opinion of Evercore Group LLC."*

**Financial Forecasts and Projections of Capital Bank Financial**

     Neither Capital Bank Financial nor CommunityOne as a matter of course publicly disclose internal management budgets, forecasts or projections as to future financial performance due to the unpredictability of the underlying assumptions and estimates. However, in connection with rendering its opinion and performing its related financial analysis, Evercore requested, and Capital Bank Financial's management furnished Evercore with, certain non-public projected financial data relating to Capital Bank Financial and CommunityOne prepared by Capital Bank Financial's management.

**EXHIBIT 99.1**

Set forth below is a summary of certain financial forecasts and projections for 2016 through 2020 that were provided by Capital Bank Financial's management to Evercore. The financial forecasts and projections for 2021 set forth below were prepared by Evercore, and were based on Capital Bank Financial's management's 2016 through 2020 forecasts and projections. Capital Bank Financial management approved the 2021 forecasts and projections set forth below.

|  | 12/31/16 | 12/31/17 | 12/31/18 | 12/31/19 | 12/31/20 | 12/31/21 |
|---|---|---|---|---|---|---|
| CommunityOne Net Income(1): | $13.0 | $15.2 | $16.8 | $18.4 | $20.3 | $22.3 |
| Capital Bank Net Income(1): | $66.1 | $76.0 | $83.6 | $92.0 | $101.1 | $111.2 |

in millions

(1)      Includes 1.00% opportunity cost of cash.

These financial forecasts and projections cannot be considered to necessarily be predictive of actual future operating results, and no assurance can be given regarding future events. The financial forecasts and projections represent Capital Bank Financial's independent forecasts and projections and evaluation of Capital Bank Financial's and CommunityOne's future financial performances, without input from CommunityOne. The 2016 through 2020 forecasts and projections of net income for CommunityOne and Capital Bank Financial were based on publicly available Wall Street research analysts' consensus estimates for 2016, as of November 20, 2015, and were projected to grow at 10% thereafter. The 2021 financial forecasts and projections apply the same growth rate. Capital Bank Financial's management team did not assume responsibility for independent verification of, and did not independently verify, the publicly available consensus estimates. In addition, the financial forecasts and projections were not prepared with a view toward public disclosure or with a view toward complying with the guidelines established by the American Institute of Certified Public Accountants with respect to prospective financial information or published guidelines of the SEC regarding forward-looking statements and were not necessarily prepared in accordance with generally accepted accounting principles in the United States ("GAAP"). **In light of the foregoing, and considering that the Capital Bank Financial special meeting will be held several months after the financial forecasts and projections were prepared, as well as the uncertainties inherent in any financial forecasts and projections, shareholders of Capital Bank Financial and CommunityOne are cautioned not to rely on these financial forecasts and projections as a predictor of future operating results or otherwise.**

The estimates and assumptions underlying the financial forecasts and projections involve assumptions and judgments with respect to, among other things, future economic, competitive, regulatory and financial market conditions and future business decisions. These estimates and assumptions may not be realized and are inherently subject to significant business, economic, competitive and regulatory risks and uncertainties, including those risk factors detailed in the sections of this joint proxy statement/prospectus entitled "Risk Factors" and "Cautionary Statement Regarding Forward-Looking Statements," all of which are difficult to predict and many of which are beyond the control of Capital Bank Financial, CommunityOne and Evercore. Estimates or projections of the value of businesses or securities do not purport to be appraisals or to reflect the prices at which such businesses or securities might actually be sold.

Actual results could vary materially from those presented in the financial forecasts and projections, and actual value or future results could be significantly more or less favorable than what is suggested by the forecasts and projections. The inclusion of these financial forecasts and projections should not be interpreted as an indication that Capital Bank Financial, CommunityOne or Evercore considers this information as necessarily predictive of actual future results, and this information should not be relied on

- 3 -

**EXHIBIT 99.1**

for that purpose. Neither Capital Bank Financial's auditors, nor CommunityOne's auditors, nor any other independent registered public accounting firm, examined, compiled or performed any procedures with respect to these forecasts or projections. Nor have Capital Bank Financial's auditors, CommunityOne's auditors, any other independent registered public accounting firm, or Evercore expressed any opinion or any other form of assurance on this information or its achievability.

Neither Capital Bank Financial nor CommunityOne intends to disclose publicly any update or other revision to these forecasts or projections to reflect circumstances existing since their preparation or to reflect the occurrence of unanticipated events or changes in general economic or industry conditions, even in the event that any or all of the underlying assumptions are shown to be in error.

*The following disclosure supplements and restates the paragraph on page 95 under the heading "The Merger-Interests of CommunityOne's Directors and Executive Officers in the Merger-Appointment of CommunityOne Directors."*

Capital Bank Financial will take all appropriate action so that, as of the effective time, the number of directors constituting the board of directors of Capital Bank Financial will be increased in size by two, and Capital Bank Financial will appoint one member of the CommunityOne board of directors selected by Capital Bank Financial, in consultation with CommunityOne, to fill one of the resulting vacancies and one designee of Oak Hill to fill the other vacancy. *It is currently expected that Robert L. Reid, Chief Executive Officer and President of CommunityOne, will serve as the CommunityOne designee and that Scott B. Kaufman, a partner at Oak Hill, will serve as the Oak Hill designee.* These two individuals will serve in such roles subject to the policies of Capital Bank Financial generally applicable to its board of directors. Apart from the addition of these two individuals, the individuals holding positions as directors and officers of Capital Bank Financial immediately prior to the effective time will be the directors and officers of the surviving corporation.

*The following disclosure is added to the second paragraph on page 101 under the heading "The Merger-Investor Letter Agreements-Capital Bank Financial Investor Letter Agreements."*

Pursuant to the Capital Bank Financial investor letter agreements, each of Oak Hill and Carlyle have agreed, subject to certain exceptions, to vote two-thirds of their shares of CommunityOne common stock in favor of the merger and against alternative transactions and generally prohibit such shareholders from transferring their shares of CommunityOne common stock prior to the termination of the support agreements or the date CommunityOne obtains approval of the merger at the CommunityOne special meeting. The support agreements terminate upon the termination of the merger agreement in accordance with its terms. As of the date of the merger agreement and the record date, Carlyle and Oak Hill each owned approximately 23.8% of the outstanding shares of CommunityOne common stock. *Immediately following the completion of the merger, it is estimated that Carlyle and Oak Hill will collectively own approximately 14% of the outstanding shares of Capital Bank Financial Class A common stock. Such estimated ownership is an estimate and subject to change based on a variety of factors, including Carlyle and Oak Hill's decision with respect to the election and the proration procedures.*

- 4 -

**EXHIBIT 99.2**

CommunityOne Bancorp Supplemental Disclosures

In connection with the proposed settlement of the Consolidated WDNC Action, as described in the Report to which this Exhibit is attached, CommunityOne has agreed to make these supplemental disclosures to the joint proxy statement/prospectus filed with the Securities and Exchange Commission on March 15, 2016. This supplemental information should be read in conjunction with the joint proxy statement/prospectus, which should be read in its entirety. As noted above, none of the defendants has admitted wrongdoing of any kind, including but not limited to inadequacies in any disclosure, the materiality of any disclosure that the plaintiffs contend should have been made, any breach of any fiduciary duty, or aiding or abetting any of the foregoing. All page references in the information below are to pages in the joint proxy statement/prospectus, and terms used below have the meanings set forth in the joint proxy statement/prospectus, unless otherwise defined below. With the exception of newly added disclosures that do not modify pre-existing disclosures under the heading "The Merger-Opinion of Sandler O'Neill + Partners, L.P.-Net Present Value Analyses" and the newly added section titled "The Merger-Financial Forecasts and Projections of CommunityOne", additional disclosures are underlined and italicized for convenience and deleted words are shown as struck through.

***The following disclosure is added to the first full paragraph on page 60 under the heading "The Merger-Background of the Merger."***

In May 2015, the CommunityOne board, as part of its annual regular strategic planning process, undertook a formal assessment process of CommunityOne's performance, prospects and alternatives to increase shareholder value, using the assistance of Sandler O'Neill & Partners L.P. ("Sandler O'Neill") and UBS Securities LLC ("UBS"). *The CommunityOne board was aware when it began working with Sandler O'Neill that an affiliate of Carlyle has an indirect ownership interest in Sandler O'Neill.* The assessment process set forth a baseline framework of CommunityOne on a stand-alone basis, using its latest forecast, and compared that baseline to evaluate a series of options, including CommunityOne undertaking a series of acquisitions of small bank and non-bank entities, a merger of equals with a like-size entity, an acquisition of CommunityOne by a larger institution and selling CommunityOne in a strategic sale. In making their respective assessments, each of Sandler O'Neill and UBS focused on CommunityOne's strengths, including its markets and growth, and its challenges, including its stock price and limited trading volume. Other factors considered included the ability of CommunityOne to use its substantial deferred tax asset *and the potential value of the deferred tax asset to any merger partner (which would vary depending on such things as the size and tax attributes of the entity)*, potential partners who might provide CommunityOne shareholders with the possibility of increasing their investment potential over different investment horizons, and the potential value of CommunityOne in the future.

***The following disclosure is added to the paragraph that begins at the bottom of page 60 and continues on page 61 under the heading "The Merger-Background of the Merger."***

CommunityOne had discussions with five entities during the ensuing four months, resulting in CommunityOne successfully bidding and closing on a branch acquisition from CertusBank, N.A. in the second quarter of 2015. These discussions included meetings with company B, resulting in CommunityOne entering into a non-disclosure agreement with company B on January 20, 2015 so that the two parties could exchange information and engage in meaningful discussions on the structure and terms of a potential transaction. *This non-disclosure agreement (as well as the non-disclosure agreements entered into with Capital Bank Financial and company C, company D and company E) had a term of two years and did not include a standstill provision.* CommunityOne reviewed several other acquisition opportunities of banking institutions during January through June 2015, but concluded that, given its then current stock price, it would not be competitive in any of those situations. Under the guidance and review

- 1 -

**EXHIBIT 99.2**

of the Strategic Planning Committee of the CommunityOne board, commencing in April 2015 through August 2015, CommunityOne pursued the acquisition of a nonbank company that engaged in SBA lending, submitting several expressions of interest and conducting due diligence, but CommunityOne ultimately was not successful in entering into a transaction with that entity. The Strategic Planning Committee of the board is a standing committee of the CommunityOne board that has been delegated the authority by the CommunityOne board to oversee management in matters relating to strategic transactions and to report to the full CommunityOne board as appropriate. *The members of the Strategic Planning Committee are Robert L. Reid, Chief Executive Office of CommunityOne, J. Chandler Martin, Chair of the CommunityOne board and Lead Independent Director, John C. Redett, the CommunityOne board member appointed by Carlyle, and Scott B. Kaufman, the CommunityOne board member appointed by Oak Hill.*

**The following disclosure is added to the paragraph that begins at the bottom of page 61 and continues on page 62 under the heading "The Merger-Background of the Merger."**

At the conclusion of this assessment process, the CommunityOne board unanimously agreed at its regularly scheduled meeting on July 23, 2015 to formally engage Sandler O'Neill and UBS to assist CommunityOne in assessing several strategic alternatives, including a purchase of one or more bank or non-bank entities, a merger of equals with a select group of companies in a manner that could preserve CommunityOne's substantial deferred tax asset, and a strategic sale to a group of larger companies where CommunityOne would be a material percentage of the pro forma combined company's assets, and where there would be a likelihood of material synergies and compatible operating models. The CommunityOne board directed that Sandler O'Neill and UBS contact certain companies identified by the advisors and selected by the CommunityOne board that met the criteria set forth above, beginning with companies where a merger of equals transaction might be appropriate, because the CommunityOne board believed that such a transaction would allow CommunityOne's substantial deferred tax asset to be preserved, and allowed the CommunityOne shareholders to continue to hold a larger stake in the pro forma combined company, potentially providing the CommunityOne shareholders the possibility of appreciation of their investment over time. CommunityOne formally engaged Sandler O'Neill to serve as its co-financial advisor in connection with the CommunityOne board's consideration of strategic alternatives based on, among other factors, Sandler O'Neill's reputation as a nationally recognized investment bank with a specialty in financial institutions, its experience in mergers and acquisitions, valuations, financing and capital markets transactions and, having provided investment banking services to CommunityOne in the past, including in the recapitalization of CommunityOne in October 2011, Sandler O'Neill's familiarity with CommunityOne and CommunityOne's strategic goals, and the environment and markets in which it competes. CommunityOne also formally engaged UBS to serve as a co-financial advisor in connection with the CommunityOne board's consideration of strategic alternatives based on, among other factors, UBS's reputation as a nationally recognized investment bank with a specialty in financial institutions, its experience in mergers and acquisitions, valuations, financing and capital markets transactions and its familiarity with certain of the institutions that CommunityOne likely would want to approach regarding a possible merger of equals or a strategic sale. *Under the terms of their respective engagement letters, (1) the scope of the financial advisory services to be provided by Sandler O'Neill and UBS were substantially similar, except that in the event of any transaction for which the CommunityOne board of directors may request a fairness opinion any such opinion would be rendered by Sandler O'Neill and UBS would not provide any fairness opinion, and (2) Sandler O'Neill and UBS would be entitled to the same compensation, except Sandler O'Neill would be additionally compensated if it were to render a fairness opinion.*

- 2 -

**EXHIBIT 99.2**

*The following disclosure supplements and restates the first full paragraph on page 65 under the heading "The Merger-Background of the Merger."*

On November 17, 2015, the members of the CommunityOne board other than the directors who represent Carlyle and Oak Hill had an informational meeting to discuss the Capital Bank Financial revised expression of interest and the results of the process relating to company B. Members of CommunityOne's management team, representatives of Sandler O'Neill and UBS and a representative of Arnold & Porter were in attendance at that meeting. At the meeting, J. Chandler Martin, the CommunityOne Chair of the Board, updated the directors on the status of the process and the details of both proposals, as well as the recommendation of the Strategic Planning Committee for the full CommunityOne Board to evaluate the Capital Bank Financial proposal against operating CommunityOne on a stand-alone basis. The board other than the directors who represent Carlyle and Oak Hill discussed extensively the oral revised expression of interest from company B, compared to the revised written expression of interest from Capital Bank Financial, and concluded unanimously that approaching company B to negotiate any further increase in its offer to approach the revised, higher offer from Capital Bank Financial would not be successful and thus should not be further considered. Representatives of Sandler O'Neill and UBS reviewed the information included in the update presentation that the Strategic Planning Committee had requested be prepared for this meeting. The directors extensively discussed the Capital Bank Financial proposal against remaining independent, including the benefits and risks of each option, including, without limitation, the benefit to CommunityOne shareholders of combining with a larger bank at a premium to CommunityOne's historic stock price, the complementary branch network and business operating model, and proposed representation on the pro forma company's board, as well as the risk of the ~~U.S. Treasury re-evaluating~~ *Internal Revenue Service decreasing by regulation* the rate which determined the amount that CommunityOne's deferred tax asset would be limited if CommunityOne continued to operate on a stand-alone basis and was later sold *and thereby potentially significantly decreasing the value of the deferred tax asset,* and the risk and impact of Capital Bank Financial growing over $10 billion in assets on a pro forma basis, as well as the possible impact of a Capital Bank Financial transaction on CommunityOne's customers, employees and communities.

In May 2015, the CommunityOne board, as part of its annual regular strategic planning process, undertook a formal assessment process of CommunityOne's performance, prospects and alternatives to increase shareholder value, using the assistance of Sandler O'Neill & Partners L.P. ("Sandler O'Neill") and UBS Securities LLC ("UBS"). *The CommunityOne board was aware when it began working with Sandler O'Neill that an affiliate of Carlyle has an indirect ownership interest in Sandler O'Neill.* The assessment process set forth a baseline framework of CommunityOne on a stand-alone basis, using its latest forecast, and compared that baseline to evaluate a series of options, including CommunityOne undertaking a series of acquisitions of small bank and non-bank entities, a merger of equals with a like-size entity, an acquisition of CommunityOne by a larger institution and selling CommunityOne in a strategic sale. In making their respective assessments, each of Sandler O'Neill and UBS focused on CommunityOne's strengths, including its markets and growth, and its challenges, including its stock price and limited trading volume. Other factors considered included the ability of CommunityOne to use its substantial deferred tax asset *and the potential value of the deferred tax asset to any merger partner (which would vary depending on such things as the size and tax attributes of the entity)*, potential partners who might provide CommunityOne shareholders with the possibility of increasing their investment potential over different investment horizons, and the potential value of CommunityOne in the future.

- 3 -

**EXHIBIT 99.2**

*The following disclosure supplements and restates the third bullet on page 79 under the heading "The Merger-CommunityOne's Reasons for the Merger; Recommendation of CommunityOne's Board of Directors."*

• the impact on the amount of CommunityOne's deferred tax asset that would be limited if the *Internal Revenue Service decreased by regulation* ~~U.S. Treasury re-evaluated~~ the rate used to determine such limitation upon a change in control *and thereby potentially significantly decreasing the value of the deferred tax asset*;

*The following disclosure is added to the table at the bottom of page 87 under the heading "The Merger-Opinion of Sandler O'Neill + Partners, L.P.-Comparable Company Analyses."*

### CommunityOne Comparable Company Analysis

| | CommunityOne(1) | CommunityOne Peer Group Median | CommunityOne Peer Group Mean | CommunityOne Peer Group Low | CommunityOne Peer Group High |
|---|---|---|---|---|---|
| Total assets (in millions) | $2,353 | $2,478 | $2,293 | *$1,512* | *$3,273* |
| Tangible common equity/Tangible assets | 11.39% | 10.05% | 9.99% | *8.27%* | *12.80%* |
| Tier 1 leverage ratio | 8.43% | 11.31% | 11.12% | *9.60%* | *12.03%* |
| Total risk-based capital ratio | 13.80% | 15.99% | 15.12% | *11.77%* | *16.65%* |
| LTM Return on average assets | 0.36% | 0.80% | 0.69% | *0.31%* | *0.93%* |
| LTM Return on avg. equity | 3.49% | 6.90% | 5.85% | *2.21%* | *8.42%* |
| LTM Net interest margin | 3.46% | 3.76% | 3.73% | *3.24%* | *4.18%* |
| LTM Efficiency ratio | 80.9% | 67.2% | 70.0% | *59.5%* | *88.8%* |
| Loan loss reserves/Gross loans | 1.13% | 1.21% | 1.12% | *0.51%* | *1.45%* |
| Nonperforming assets(2)/Total assets | 2.20% | 1.46% | 1.65% | *0.47%* | *3.76%* |
| Price/Tangible book value | 127% | 147% | 145% | *108%* | *174%* |
| Price/LTM Earnings per share | 41.4x | 16.2x | 17.1x | *14.8x* | *19.9x* |
| Price/2015 Earnings per share(3) | 31.1x | 15.1x | 18.9x | *14.5x* | *30.9x* |
| Price/2016 Earnings per share(3) | 24.5x | 14.3x | 17.3x | *13.9x* | *27.5x* |
| Current dividend yield | 0.0% | 1.6% | 1.6% | *0.0%* | *3.8%* |
| Market value (in millions) | $336 | $339 | $316 | *$220* | *$383* |

(1) LTM ROAA, LTM ROAE and LTM EPS adjusted to exclude reversal of valuation allowance on the deferred tax asset, assuming a 35% tax rate.

(2) Nonperforming assets defined as nonaccrual loans and leases, renegotiated loans and leases, and real estate owned.

(3) Based on median analyst earnings per share estimates as reported by FactSet.

Note: Financial data for the institutions in the CommunityOne Peer Group not pro forma for any publicly announced and pending transactions.

- 4 -

**EXHIBIT 99.2**

*The following disclosure is added to the table at the bottom of page 88 under the heading "The Merger-Opinion of Sandler O'Neill + Partners, L.P.-Comparable Company Analyses."*

### Capital Bank Financial Comparable Company Analysis

| | Capital Bank Financial(1) | Capital Bank Financial Peer Group Median | Capital Bank Financial Peer Group Mean | Capital Bank Financial Peer Group Low | Capital Bank Financial Peer Group High |
|---|---|---|---|---|---|
| Total assets (in millions) | $7,261 | $7,919 | $7,639 | $5,201 | $9,414 |
| Tangible common equity/Tangible assets | 12.25% | 9.12% | 9.11% | 7.40% | 12.62% |
| Tier 1 leverage ratio | 13.60% | 10.28% | 10.21% | 8.23% | 14.30% |
| Total risk-based capital ratio | 16.38% | 12.56% | 12.98% | 11.40% | 16.52% |
| LTM Return on average assets | 0.78% | 0.98% | 1.11% | 0.59% | 2.10% |
| LTM Return on avg. equity | 5.06% | 8.28% | 8.92% | 4.30% | 15.02% |
| LTM Net interest margin | 3.94% | 4.10% | 4.13% | 3.29% | 5.33% |
| LTM Efficiency ratio | 64.8% | 57.2% | 55.9% | 35.7% | 64.4% |
| Loan loss reserves/Gross loans | 0.86% | 0.77% | 0.79% | 0.57% | 1.14% |
| Nonperforming assets(2)/Total assets | 0.99% | 0.97% | 0.97% | 0.41% | 1.60% |
| Price/Tangible book value | 170% | 261% | 263% | 172% | 410% |
| Price/LTM Earnings per share | 29.5x | 20.6x | 21.4x | 16.0x | 27.8x |
| Price/2015 Earnings per share(3) | 26.4x | 17.8x | 19.5x | 14.4x | 26.0x |
| Price/2016 Earnings per share(3) | 21.2x | 15.8x | 16.5x | 13.3x | 21.6x |
| Current dividend yield | 1.2% | 1.3% | 1.4% | 0.0% | 2.9% |
| Market value (in millions) | $1,470 | $1,489 | $1,844 | $1,048 | $4,730 |

(1) Nonperforming assets/total assets as of June 30, 2015

(2) Nonperforming assets defined as nonaccrual loans and leases, renegotiated loans and leases, and real estate owned.

(3) Based on median analyst earnings per share estimates as reported by FactSet.

Note: Financial data for the institutions in the Capital Bank Financial Peer Group not pro forma for any publicly announced and pending transactions.

*The following disclosure is added to the "Analysis of Selected Merger Transactions" section beginning on page 89 and continuing on page 90 under the heading "The Merger-Opinion of Sandler O'Neill + Partners, L.P."*

*Analysis of Selected Merger Transactions.* Sandler O'Neill reviewed a regional group of merger and acquisition transactions. The group consisted of transactions with targets in the Southeast Region, announced between January 1, 2014 and November 20, 2015, involving banks and thrifts and with transaction values between $200 million and $600 million (the "Regional Precedent Transactions"). The Regional Precedent Transactions group was composed of the following transactions:

- 5 -

**EXHIBIT 99.2**

| Acquirer | Target | Announcement Date |
|---|---|---|
| Bank of the Ozarks, Inc. | C1 Financial, Inc. | 11/09/15 |
| BB&T Corporation | Bank of Kentucky Financial Corp. | 09/08/14 |
| IBERIABANK Corporation | Old Florida Bancshares Inc. | 10/27/14 |
| Renasant Corporation | Heritage Financial Group Inc. | 12/10/14 |
| Simmons First National Corp. | Community First Bancshares Inc. | 05/06/14 |
| TowneBank | Franklin Financial Corporation | 07/15/14 |
| United Community Banks, Inc. | Palmetto Bancshares Inc. | 04/22/15 |
| Valley National Bancorp | 1st United Bancorp Inc. | 05/08/14 |
| Valley National Bancorp | CNLBancshares, Inc. | 05/27/15 |
| Yadkin Financial Corporation | NewBridge Bancorp | 10/13/15 |
| Yadkin Financial Corporation | VantageSouth Bancshares | 01/27/14 |

Using then latest publicly available financial information prior to the announcement of the relevant transaction, Sandler O'Neill reviewed the following multiples: transaction price to last-twelve-months earnings per share, transaction price to estimated earnings per share, transaction price to tangible book value per share, tangible book premium to core deposits, and 1-day market premium. Sandler O'Neill compared the indicated transaction metrics for the merger to the median metrics of the Regional Precedent Transaction group.

| | CommunityOne / Capital Bank Financial | Regional Precedent Transactions Group Median | Regional Precedent Transactions Group Mean |
|---|---|---|---|
| Transaction price/LTM earnings per share | 43.1x | 24.6x | 26.3x |
| Transaction price/estimated earnings per share(1): . | 25.3x | 22.9x | 21.7x |
| Transaction price/Tangible book value per share: | 131% | 178% | 177% |
| Transaction price/Adjusted tangible book value per share(2): | 174% | - | = |
| Core deposit premium(3): | 5.2% | 11.3% | 11.2% |
| Adjusted core deposit premium(2)(3): | 9.3% | - | = |
| 1-Day market premium: | 4.2% | 20.8% | 22.5% |
| Adjusted 1-Day market premium(4) | 21.4% | - | - |

(1)    Based on median analyst earnings per share estimates as reported by FactSet.
(2)    Reduction of tangible common equity due to Section 382 limitation of $66 million, as provided by CommunityOne's management.
(3)    Tangible book premium to core deposits calculated as (deal value-tangible equity) / (core deposits); core deposits defined as deposits, less time deposit accounts with balances over $100,000, foreign deposits and unclassified deposits.
(4)    One-day market premium adjusted to reflect CommunityOne common stock 90-day volume weighted average trading price on November 20, 2015.

- 6 -

**EXHIBIT 99.2**

*The following new disclosure is added following the tables at the bottom of page 90 under the heading "The Merger-Opinion of Sandler O'Neill + Partners, L.P.-Net Present Value Analyses."*

      The following table describes the discount rate calculation for the Company common stock prepared by Sandler O'Neill. In its normal course of business, Sandler O'Neill employs the Duff & Phelps valuation handbook in determining an appropriate discount rate in which the discount rate equals the sum of the risk free rate, the equity risk premium, the size premium and the industry premium. Sandler O'Neill determined, consistent with the Duff & Phelps valuation handbook, that it was prudent to use a Duff & Phelps size premium in absence of a beta since the Company common stock was relatively illiquid.

| | | |
|---|---|---|
| Risk Free Rate | 4.0% | Based on Normalized 20yr US Treasury |
| Equity Risk Premium | 5.0% | Per Duff & Phelps 2015 Valuation Handbook |
| Size Premium | 3.7% | Per Duff & Phelps 2015 Valuation Handbook |
| Industry Premium | 1.2% | Per Duff & Phelps 2015 Valuation Handbook |
| Discount Rate | 13.9% | |

*The following new disclosure is added following the tables at the bottom of page 91 under the heading "The Merger-Opinion of Sandler O'Neill + Partners, L.P.-Net Present Value Analyses."*

      The following table describes the discount rate calculation for Capital Bank common stock prepared by Sandler O'Neill. In its normal course of business, Sandler O'Neill employs the Duff & Phelps valuation handbook in determining an appropriate discount rate in which the discount rate equals the risk free rate plus the product of the two year-beta of the relevant company's common stock and the equity risk premium. Because this formulation uses a two-year beta it does not use a size premium.

| | | |
|---|---|---|
| Risk Free Rate | 4.0% | Based on Normalized 20yr US Treasury |
| Two-year Beta of Capital Bank common stock | 0.71x | Per Bloomberg |
| Equity Risk Premium | 5.0% | Per Duff & Phelps 2015 Valuation Handbook |
| Discount Rate | 7.6% | |

- 7 -

**EXHIBIT 99.2**

*The following disclosure is added as a new section titled "The Merger-Financial Forecasts and Projections of CommunityOne" following the section titled "The Merger-Opinion of Sandler O'Neill + Partners, L.P."*

**Financial Forecasts and Projections of CommunityOne**

Neither CommunityOne nor Capital Bank Financial as a matter of course publicly disclose internal management budgets, forecasts or projections as to future financial performance due to the unpredictability of the underlying assumptions and estimates. However, in connection performing its financial advisory services, Sandler requested, and CommunityOne's management furnished Sandler with, certain non-public projected financial data relating to CommunityOne prepared by CommunityOne's management.

Set forth below is a summary of the net income forecasts and projections for 2016 through 2020 that were provided by CommunityOne's management to Sandler.

|  | 12/31/16 | 12/31/17 | 12/31/18 | 12/31/19 | 12/31/20 |
|---|---|---|---|---|---|
| CommunityOne Net Income: | $14.3 | $17.9 | $23.7 | $28.6 | $34.6 |

Note: $ in millions

These net income forecasts and projections cannot be considered to necessarily be predictive of actual future operating results, and no assurance can be given regarding future events. The net income forecasts and projections represented CommunityOne's independent forecasts and projections and evaluation of CommunityOne's future financial performances at the time the forecasts and projections were made and they would not necessarily be the forecasts and projections CommunityOne might make as of the date hereof. Sandler O'Neill did not rely on these net income forecasts and projections in rendering its fairness opinion to the CommunityOne board. See "-Opinion of Sandler O'Neill & Partners, L.P." beginning on page 81. In addition, the net income forecasts and projections were not prepared with a view toward public disclosure or with a view toward complying with the guidelines established by the American Institute of Certified Public Accountants with respect to prospective financial information or published guidelines of the SEC regarding forward-looking statements and were not necessarily prepared in accordance GAAP. **In light of the foregoing, and considering that the CommunityOne special meeting will be held several months after the net income forecasts and projections were prepared, as well as the uncertainties inherent in any net income forecasts and projections, shareholders of CommunityOne and Capital Bank Financial are cautioned not to rely on these net income forecasts and projections as a predictor of future operating results or otherwise.**

The estimates and assumptions underlying the net income forecasts and projections involve assumptions and judgments with respect to, among other things, future economic, competitive, regulatory and financial market conditions and future business decisions. These estimates and assumptions may not be realized and are inherently subject to significant business, economic, competitive and regulatory risks and uncertainties, including those risk factors detailed in the sections of this joint proxy statement/prospectus entitled "Risk Factors" and "Cautionary Statement Regarding Forward-Looking Statements," all of which are difficult to predict and many of which are beyond the control of CommunityOne, Capital Bank Financial and Sandler. Estimates or projections of the value of businesses or securities do not purport to be appraisals or to reflect the prices at which such businesses or securities might actually be sold.

**EXHIBIT 99.2**

Actual results could vary materially from those presented in the net income forecasts and projections, and actual value or future results could be significantly more or less favorable than what is suggested by the forecasts and projections. The inclusion of these net income forecasts and projections should not be interpreted as an indication that CommnityOne, Capital Bank Financial or Sandler considers this information as necessarily predictive of actual future results, and this information should not be relied on for that purpose. Neither CommunityOne's auditors, nor Capital Bank Financial's auditors, nor any other independent registered public accounting firm, examined, compiled or performed any procedures with respect to these forecasts or projections. Nor have CommunityOne's auditors, Capital Bank Financial's auditors, any other independent registered public accounting firm or Sandler expressed any opinion or any other form of assurance on this information or its achievability.

Neither CommunityOne nor Capital Bank Financial intends to disclose publicly any update or other revision to these forecasts or projections to reflect circumstances existing since their preparation or to reflect the occurrence of unanticipated events or changes in general economic or industry conditions, even in the event that any or all of the underlying assumptions are shown to be in error.

- 9 -

<u>**EXHIBIT B**</u>

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**Case No. 05:16-CV-00037**

| | |
|---|---|
| IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION | **ORDER FOR NOTICE AND SCHEDULING OF HEARING OF SETTLEMENT** |

The Parties having made an application for an Order for Notice and Scheduling of Hearing of Settlement (the "Order") in accordance with a Stipulation of Settlement dated January 31, 2017 (the "Stipulation"), which, together with the exhibits thereto, sets forth the terms and conditions for the settlement of this action (the "Action").

**IT IS HEREBY ORDERED** that:

1.    <u>Approval of Notice</u>.  The Court approves, in form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") annexed as Exhibit C to the Stipulation and finds that the mailing of the notice will comport with the requirements of Fed. R. Civ. P. 23 is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing (as defined in paragraph 5 below) and all other matters referred to in the Notice to all persons entitled to receive notice of the Settlement Hearing.

2.    <u>Notice Procedures</u>. Within thirty (30) days of the date of this Order, Defendant CommunityOne Bancorp or its successor(s) in interest ("CommunityOne") shall cause a copy of the Notice, substantially in the form attached as Exhibit C to the Stipulation, to be mailed to all shareholders of record who owned common stock of CommunityOne at any time during the Class Period (as defined below) at their last known address appearing in the stock transfer records maintained by or on behalf of CommunityOne. All shareholders of record in the Settlement Class who were not also the beneficial owners of the shares of CommunityOne

common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. CommunityOne shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners. CommunityOne shall, no later than seven (7) days before the Settlement Hearing, cause an appropriate affidavit of proof of mailing with respect to the Notice to be filed with the Court.

3. <u>Conditional Certification of the Settlement Class</u>. Pursuant to Fed. R. Civ. P. 23, the Court conditionally certifies, for settlement purposes only, a non-opt-out class consisting of any and all record holders and beneficial owners of common stock of CommunityOne who held or owned such stock at any time during the period beginning on and including November 23, 2015, through and including the date of consummation of the Merger (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"); provided that the Settlement Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors in interest thereto.

4. <u>Preliminary Approval of the Settlement</u>. The Court preliminarily approves the Stipulation and the Settlement set forth therein, and finds preliminarily and for purposes of settlement only, that each of the requirements of Fed. R. Civ. P. 23 have been satisfied, in that (a) the members of the Settlement Class are so numerous that separate joinder of each member is impracticable; (b) Plaintiffs' claim or defense raises questions of law or fact common to the

questions of law or fact raised by the claim or defense of each member of the class; (c) Plaintiffs' claim or defense is typical of the claim or defense of each member of the class; (d) Plaintiffs can fairly and adequately protect and represent the interests of each member of the class; (e) the prosecution of separate claims or defenses by or against individual members of the Settlement Class would create a risk of either: (i) inconsistent or varying adjudications concerning individual members of the Settlement Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications concerning individual members of the Settlement Class which would, as a practical matter, be dispositive of the interests of other members of the Settlement Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Settlement Class who are not parties to the adjudications to protect their interests; and (f) Plaintiffs claim that Defendants have acted or refused to act on grounds generally applicable to all the members of the Settlement Class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate. Such preliminary approval and findings are subject to further consideration at the Settlement Hearing described below.

5.      <u>Settlement Hearing</u>.  A hearing shall be held before this Court on _____, at ___:00 _.m. in Courtroom _____ of the United States Courthouse, 200 West Broad Street, Statesville, North Carolina 28677 (the "Settlement Hearing"), to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be finally approved by the Court, and whether a Final Judgment as provided in the Stipulation should be entered.

6.      <u>Stay of Proceedings</u>. All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are

hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, Plaintiffs are barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action in any forum, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, any Settled Claims against any Released Persons.

       7.    <u>Binding Effect</u>.  All members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement.  Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

       8.    <u>Appearance at Settlement Hearing and Objections to Settlement</u>.  Any Settlement Class Member may appear and show cause why the Settlement should or should not be approved, or why the Final Judgment should or should not be entered, provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment to be entered thereon, or Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, unless that Settlement Class Member has, on or before fourteen (14) calendar days before the Settlement Hearing, (a) served on the following counsel, (i) a written notice of objection, including a written notice of his, her or its intention to appear, if he, she or it intends to do so, (ii) proof of his, her or its membership in the Settlement Class, (iii) a written statement of the position he, she or it will assert, (iv) the reason for his, her or its position, and (v) copies of any papers, briefs or other matter he, she or it wishes the Court to consider:

| | |
|---|---|
| **Co-Lead Counsel for Plaintiffs:** | James M. Wilson , Jr.<br>Faruqi & Faruqi, LLP<br>685 Third Avenue, 26th Floor<br>New York, NY 10017<br>212-983-9330<br>Fax: 212-983-9331<br>Email: jwilson@faruqilaw.com |
| | Guri Ademi<br>Ademi & O'Reilly, LLP<br>3620 E. Layton Avenue<br>Cudahy, WI 53110<br>414-482-8000<br>Fax: 414-482-8001<br>Email: gademi@ademilaw.com |
| **Counsel for CommunityOne, Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, and Boyd C. Wilson, Jr.:** | Arthur Luk<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>202-942-5000<br>Email: arthur.luk@apks.com |
| **Counsel for Capital Bank Financial Corp.:** | S. Christopher Szczerban<br>Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019<br>212-403-1000<br>Fax: 212-403-2000<br>Email: SCSzczerban@wlrk.com |

and (b) filed said objections, papers and briefs with the Clerk of the United States District Court for the Western District of North Carolina, United States Courthouse, 200 West Broad Street, Statesville, North Carolina 28677 on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection (including any right of appeal) and shall forever be barred and foreclosed from making any objection, including any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court. Plaintiffs' Counsel and

5

counsel for Defendants shall promptly furnish each other with copies of any and all objections or other responsive filings that come into their possession.

9.     <u>Briefing</u>. At least twenty-one (21) calendar days before the Settlement Hearing, Plaintiffs' Counsel shall file with the Court briefing in support of the Court's final approval of the Settlement and their application for an award of attorneys' fees and expenses. The Parties shall file with the Court responses to any objections no later than five (5) calendar days before the Settlement Hearing.

10.     <u>Termination of Settlement</u>. If the Settlement does not become final for any reason, the Stipulation, any Settlement Class conditionally certified herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect, except for Defendants' obligation to provide and pay for any expenses incurred in connection with the Notice as provided for by this Order. If the Settlement does not receive Final Approval, the parties shall revert to their respective litigation positions as if the Stipulation never existed.

11.     <u>No Admissions by the Parties</u>. The provisions contained in the Stipulation and all negotiations, discussions and proceedings in connection with the Settlement shall not be deemed or constitute a presumption, concession or an admission by any party in the Action of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose, except in connection with any proceeding to enforce the terms of this Stipulation.

6

12.  <u>Further Notice</u>.  The Court may adjourn the Settlement Hearing without further notice to the Settlement Class.  The Court may approve the Settlement, according to the terms and conditions of the Stipulation, as it may be modified by the parties thereto, without further notice to the Settlement Class.  Further, the Court may render its final judgment dismissing the Action with prejudice and approving releases by Plaintiffs and the Settlement Class of claims against the Released Persons without further notice.

13.  <u>Interpretation</u>.  All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Stipulation.

14.  <u>Retention of Exclusive Jurisdiction by the Court</u>. The Court retains exclusive jurisdiction over this Action to consider all further applications arising out of or connected with the Settlement.

SO ORDERED, this the __ day of _____, 2017.

_____
District Judge Richard Voorhees

EXHIBIT C

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 05:16-CV-00037**

| | |
|---|---|
| IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION | NOTICE OF PENDENCY AND POTENTIAL SETTLEMENT OF CLASS ACTION SETTLEMENT |

**TO: ANY AND ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF COMMUNITYONE BANCORP ("COMMUNITYONE") WHO HELD OR OWNED SUCH STOCK AT ANY TIME DURING THE PERIOD BEGINNING ON AND INCLUDING NOVEMBER 23, 2015, THROUGH AND INCLUDING THE DATE OF CONSUMMATION OF THE MERGER (THE "CLASS PERIOD"), INCLUDING ANY AND ALL OF THEIR RESPECTIVE SUCCESSORS-IN-INTEREST, SUCCESSORS, PREDECESSORS-IN-INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, HEIRS, BENEFICIARIES, LEGATEES, DEVISEES, ASSIGNS AND TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY OTHER PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER, ANY OF THE FOREGOING, BUT NOT INCLUDING DEFENDANTS AND THEIR IMMEDIATE FAMILY MEMBERS, ANY ENTITY IN WHICH ANY DEFENDANT HAS A CONTROLLING INTEREST, AND ANY SUCCESSORS IN INTEREST THERETO (THE "SETTLEMENT CLASS").**

THIS NOTICE WAS SENT TO YOU BY ORDER OF THE COURT. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THIS CLASS ACTION AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE SETTLEMENT DESCRIBED BELOW.

THIS NOTICE IS NOT A LAWSUIT AGAINST YOU. YOU ARE NOT BEING SUED. YOU HAVE RECEIVED THIS NOTICE BECAUSE YOU MAY BE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED HEREIN.

IF YOU HELD SHARES OF COMMUNITYONE STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY SEND THIS NOTICE TO THE BENEFICIAL OWNER.

## I.    PURPOSE OF THIS NOTICE

This Notice is given pursuant to the Order for Notice and Scheduling of Hearing of Settlement of the United States District Court for the Western District of North Carolina (the "Court") entered in the above-captioned action (the "Action") on _____, 201__. The

purpose of this Notice is to inform you of the pendency and proposed settlement of the Action (the "Settlement") by means of a Stipulation of Settlement (the "Stipulation") entered into by the Parties and filed with the Court, and to notify you of a hearing to be held on _____, 201_ at _____ a.m. / p.m. (the "Settlement Hearing"), before the Honorable Richard Voorhees, United States District Court Judge for the Western District of North Carolina, in Courtroom ___ of the United States Courthouse, 200 West Broad Street, Statesville, North Carolina 28677, to determine: (a) whether the Court should certify the Settlement Class for purposes of the Settlement; (b) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate; (c) whether the proposed Settlement should be finally approved by the Court; (d) whether the Final Judgment provided for in the Stipulation should be entered, *inter alia*, dismissing the Action with prejudice; (e) whether to award Plaintiffs' Counsel attorneys' fees and expenses; and (f) such other matters as the Court may deem appropriate.

The Court has determined that for purposes of the Settlement only, the Action shall be conditionally maintained as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Settlement Class. At the Settlement Hearing, the Court will also consider whether the Settlement Class should be permanently certified as a settlement class pursuant to Fed. R. Civ. P. 23 and whether Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class.

This Notice describes the rights that you may have pursuant to the Settlement and what steps you may, but are not required to take, in relation to the Settlement.

If the Court approves the Settlement, the Parties will ask the Court at the Settlement Hearing to enter a Final Judgment dismissing the Action with prejudice on the merits and releasing all Settled Claims (as defined below).

The Court has reserved the right to adjourn the Settlement Hearing without further notice to the Settlement Class other than by announcement at the Settlement Hearing or any adjournment thereof. The Court has further reserved the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Parties and without further notice to the members of the Settlement Class.

## II.   HISTORY AND BACKGROUND OF THE SETTLEMENT

THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.

On November 23, 2015, CommunityOne Bancorp ("CommunityOne") and Capital Bank Financial Corp. ("Capital Bank"), jointly announced entry into a definitive Agreement and Plan of Merger ("Merger Agreement") whereby CommunityOne will merge with and into Capital Bank (the "Merger"), with Capital Bank as the surviving corporation in the Merger. Immediately following the Merger, CommunityOne's wholly owned subsidiary, CommunityOne Bank, N.A., will merge with and into Capital Bank's wholly owned bank subsidiary with the Capital Bank subsidiary surviving. Under the Merger Agreement's terms, each issued and outstanding share of CommunityOne common stock will be cancelled and automatically converted into the right to receive, at the election of each holder and subject to proration: (i) $14.25 in cash or (ii) 0.430 shares of Capital Bank Class A common stock. No more than 85% of the outstanding CommunityOne shares will be converted into shares of Capital Bank and no more than 15% of the outstanding CommunityOne shares will be converted into cash.

On December 18, 2015, Defendants (defined below) filed a Form S-4 Registration/Joint Proxy Statement ("S-4") with the U.S. Securities and Exchange Commission ("SEC")

recommending CommunityOne stockholders vote in favor of the Merger Agreement. On February 16, 2016, and February 26, 2016, Defendants filed amended Forms S-4 with the SEC.

On February 29, 2016, Pendleton filed a putative class action complaint (the "Pendleton Complaint"), on behalf of a putative class of all holders of CommunityOne's common stock, in the United States District Court for the Western District of North Carolina captioned *Curtis Pendleton v. Robert L. Reid et al.*, Case No. 05:16-CV-00037 (the "Pendleton Action").

On March 14, 2016, Scrogham filed a putative class action complaint (the "Scrogham Complaint" and together with the Pendleton Complaint the "Complaints"), on behalf of a putative class of all holders of CommunityOne's common stock, in the United States District Court for the Western District of North Carolina captioned *Floyd Scrogham v. Robert L. Reid et al.*, Case No. 05:16-CV-00045 (the "Scrogham Action").

The Complaints seek relief against CommunityOne, Capital Bank, Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, and Boyd C. Wilson, Jr. (collectively, the "Defendants"). The Complaints allege that the Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder.

On March 4, 2016, Pendleton's counsel sent a demand letter to Defendants' counsel seeking the production of certain documents and taking depositions concerning the Merger prior to the shareholder vote on the Merger and Pendleton's anticipated motion to enjoin the Merger;

After extensive negotiations between counsel, on or around March 9, 2016, Defendants and Pendleton entered into a confidentiality agreement regarding Defendants' production of internal corporate documents in response to Pendleton's March 4, 2016 letter. Pursuant to the

March 9, 2016 confidentiality agreement, CommunityOne produced certain confidential documents to Pendleton's counsel.

On March 15, 2016, Defendants filed with the SEC the Definitive Proxy that notified shareholders that the vote on the Merger would occur on April 18, 2016.

On March 16, 2016, Pendleton's counsel served Defendants with a settlement demand letter to Defendants' counsel requesting that, among other things, CommunityOne make additional disclosures to its shareholders prior to the April 18, 2016 shareholder vote.

On March 23, 2016, Pendleton and Scrogham filed a motion, unopposed by Defendants, to consolidate the Pendleton Action and the Scrogham Action under the caption *In re CommunityOne Bancorp Consolidated Stockholder Litigation*, Case No. 5:16-cv-00037 (the "Consolidated Action," and together with Pendleton Action and the Scrogham Action, the "Actions"). The motion also sought to appoint Faruqi & Faruqi, LLP and Ademi & O'Reilly, LLP as Interim Co-Lead Counsel, Ward Black Law as Interim Co-Liaison Counsel, and Levi & Korsinsky, LLP as additional class counsel. The Court granted that motion as set forth in an order dated March 31, 2016.

After extensive arm's-length negotiations, the Parties reached an agreement to settle the Actions, subject to judicial approval, on the basis of certain supplemental disclosures to be filed with the SEC for dissemination to CommunityOne shareholders. The terms and conditions of the settlement were set forth in a Memorandum of Understanding ("MOU") dated March 31, 2016.

On April 6, 2016, the Current Report on Form 8-K, attached hereto as Exhibit A, containing certain supplemental disclosures set forth in Exhibit 99.2 thereto (the "Supplemental Disclosures") was filed with the SEC.

5

On April 18, 2016, the stockholders of CommunityOne and Capital Bank voted to approve the Merger.

On May 17, 2016, Pendleton filed a motion to appoint Pendleton as Lead Plaintiff for the Consolidated Action and the selection of Faruqi & Faruqi, LLP and Ademi & O'Reilly, LLP as Co-Lead Counsel and Ward Black Law as Liaison Counsel. That motion was granted as set forth in an order dated July 21, 2016.

On October 25, 2016, Plaintiffs' Counsel served CommunityOne's counsel with a written demand pursuant to the terms of the MOU for additional discovery concerning the Merger and to schedule the depositions of witnesses from CommunityOne and CommunityOne's financial advisor that rendered the fairness opinion regarding the Merger, Sandler O'Neil + Partners ("Sandler O'Neil"). CommunityOne's counsel responded on October 28, 2016 via letter and thereafter the parties negotiated the production of additional documents and the scheduling for depositions.

The Merger closed on October 26, 2016.

On November 15, 2016, Co-Lead Counsel took the deposition of CommunityOne's former Chief Executive Officer and Board member, Robert L. Reid.

On December 2, 2016, Co-Lead Counsel took the deposition of a representative of Sandler O'Neil, Scott M. A. Clark.

Following further negotiations, the parties entered into the Stipulation on January 31, 2017. The Stipulation was submitted to the Court on _____.

On _____, the Court entered an order providing for, among other things, the preliminary approval of the Settlement; the provisional certification of the Settlement Class; the issuance of this Notice to the Settlement Class; the scheduling of the Settlement Hearing; and

an injunction against the commencement or prosecution of any action by any member of the Settlement Class asserting any of the claims subject to the Settlement.

## III.    THE PROPOSED SETTLEMENT

In consideration for the full and final settlement and release of all Settled Claims (as defined below) and the dismissal with prejudice of the Action, and the other consideration set forth in the Stipulation, CommunityOne agreed to provide, and did provide, the Supplemental Disclosures in a Current Report on Form 8-K filed with the SEC on April 6, 2016.   The Supplemental Disclosures included among other things:

- CommunityOne's projected net income that was provided by CommunityOne to Sandler O'Neil;

- Information regarding CommunityOne's deferred tax asset;

- Information regarding an indirect equity ownership interest in Sandler O'Neil held by an affiliate of the Carlyle Group;

- Information regarding the composition of the strategic planning committee that was charged with overseeing management matters relating to strategic transactions;

- Information regarding the terms of the non-disclosure agreements that were entered into by CommunityOne regarding a potential acquisition transaction;

- Information regarding the terms of the engagement letters between CommunityOne and its financial advisors, Sandler O'Neil and UBS Securities LLC; and

- Information concerning Sandler O'Neil's valuations performed in rendering its fairness opinion, including; (i) certain multiples related to the Comparable

7

Company Analysis of CommunityOne and Capital Bank; (ii) transaction dates and certain multiples related to the Selected Merger Transaction Analysis; (iii) certain inputs to the calculation of the discount rate that was utilized in the Net Present Value Analysis of CommunityOne and of Capital Bank.

Plaintiffs and Plaintiffs' Counsel believe that the claims they have asserted in the Actions have legal merit, and that their claims were brought in good faith, and the entry by Plaintiffs into this Stipulation and Settlement is not an admission as to the lack of merit of any claims asserted in the Actions, but that they entered into the Stipulation and Settlement because they believe the Settlement provides substantial benefits to the shareholders of CommunityOne, including an opportunity to make more fully informed decisions with respect to the Merger, and is fair, reasonable, and adequate. Plaintiffs and Plaintiffs' Counsel were provided with and reviewed the Supplemental Disclosures prior to their filing with the SEC and the Parties' execution of the MOU. Plaintiffs and Plaintiffs' Counsel believe that, with the addition of the Supplemental Disclosures, the definitive joint proxy statement is materially complete and not misleading.

Defendants have denied, and continue to deny, any wrongdoing or liability with respect to all claims asserted in the Actions, including that they have committed any violations of law, that they have acted improperly in any way, that they have any liability or owe any damages of any kind to Plaintiffs or the Settlement Class, and that any additional disclosures (including the additional disclosures made in the Supplemental Disclosures) are required under any applicable rule, regulation, statute, or law, but are entering into this Stipulation and Settlement solely because they consider it desirable that the litigation be settled and dismissed with prejudice in order to, among other things, (i) eliminate the burden, inconvenience, expense, distraction and uncertainty of further litigation; and (ii) finally resolve and terminate the Settled Claims that

were or could have been asserted against Defendants in the Actions. Without admitting any wrongdoing, Defendants acknowledge that the decision to make the Supplemental Disclosures was the result of the pendency of the Actions, Defendants' desire to settle the Actions, and negotiations between counsel for Defendants and counsel for Plaintiffs.

## IV. THE RELEASES

The Stipulation provides that any and all manner of claims, demands, rights, liabilities, damages, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, that Plaintiffs or any or all other Settlement Class Members ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, that could be brought by any Settlement Class Member based on his, her, or its ownership of CommunityOne stock during the Class Period, against any and every entity or natural person named as a defendant in the complaint or amended complaint in any of the Actions, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors,

consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were served with process or appeared in the Actions ("Released Persons"), in any court, tribunal, forum or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of CommunityOne), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement; (ii) any deliberations or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Defendants, and any of their respective officers, directors, principals, partners, or advisors; (iii) the consideration to be received by Class members in connection with the Merger; (iv) any other transaction or strategic option that CommunityOne did consider or could have considered as an alternative to the Merger; (v) the S-4 and all amendments thereto, the definitive joint proxy statement, and/or any public filings, press releases, or other disclosures made available or filed relating, directly or indirectly, to the Merger; (vi) any of the allegations in any of the complaints in the Actions, or any other actions, transactions, occurrences, statements, representations, omissions, allegations, facts, practices, events, claims, or any other matters, things, or causes whatsoever, that could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or otherwise related in any way to, the Actions or the subject matter of the Actions; or (vii) any benefits or consideration received by any of the Defendants in connection with the Merger (the "Settled Claims") shall fully, finally and forever be completely, individually, collectively, and

derivatively, settled, released, discharged, extinguished and dismissed with prejudice on the merits; provided, however, that the Settled Claims shall not include claims or rights to enforce the Settlement or any claims or rights of any Defendant against its insurers or its insurers' successors or assignees.

The Stipulation further provides that Defendants shall release Plaintiffs and Plaintiffs' Counsel from any and all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions; provided, however, that Defendants shall retain the right to enforce the terms of this Stipulation and the Settlement and any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

All persons and parties who are releasing any claims in the Settlement (a "Releasing Person") shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Persons also shall waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth herein, including any rights pursuant to any similar, comparable or equivalent provisions to Section 1542 of the California Civil Code or concerning the release of unknown claims. Plaintiffs, for themselves and on behalf of the Settlement Class, acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of

this release, but that it is their intention to fully, finally and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs acknowledge, and the members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, was relied upon by each and all of the Defendants in entering into the Settlement, and is an integral element of the Settlement, without which the Parties would not agree to the Settlement.

## V.     ORDER AND FINAL JUDGMENT

At the Settlement Hearing, the Parties will jointly ask the Court to enter an Order and Final Judgment, which will, among other things:

(a)     approve the Settlement pursuant to Fed. R. Civ. P. 23;

(b)     authorize and direct performance of the Settlement in accordance with its terms and conditions;

(c)     permanently certify the Settlement Class for settlement purposes only, pursuant to Fed. R. Civ. P. 23;

(d)     grant the releases described more fully above in accordance with the terms of the Stipulation;

(e)     permanently bar and enjoin Plaintiffs and all members of the Settlement Class from instituting, prosecuting, participating in, continuing, maintaining or asserting any Settled Claims, or assisting any person or entity in instituting, prosecuting, participating in, continuing, maintaining or asserting any Settled Claims, against any of the Released Persons, whether directly or indirectly, on their own behalf or on behalf of any class or other person, in any jurisdiction, unless required to do so by law;

(f)     dismiss the Action with prejudice on the merits;

(g)     approve Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(h)     reserve jurisdiction over all matters relating to the administration and effectuation of the Settlement.

## VI.     PLAINTIFFS' COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiffs' Counsel have neither received any payment for their services in prosecuting the Action on behalf of Lead Plaintiff and the Settlement Class, nor been paid for their litigation expenses incurred to date. After negotiating the substantive terms of the Settlement, the Parties engaged in an arm's-length negotiation regarding attorneys' fees and expenses to be paid to Plaintiffs' Counsel for their role in the prosecution and settlement of the Action. As a result of these negotiations, Defendants have agreed not to object to or oppose an application for fees, costs and expenses made by Plaintiffs' Counsel, provided that such an application is made in an aggregate amount no greater than $500,000.00 (the "Agreed Fee").  CommnuityOne or its successor(s) will pay, or cause to be paid, to Plaintiffs' Counsel on behalf of all Defendants, the amount, if any, of the attorneys' fees, costs and expenses approved and awarded by the Court up to the amount of the Agreed Fee (the "Fee Award").  Neither you nor any other member of the Settlement Class is personally liable for the Fee Award.  The Fee Award approved by the Court will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

## VII.    THE SETTLEMENT HEARING

The Settlement Hearing will be held on _____, 2017 at __:00 _.m. before the Honorable Richard Voorhees, United States District Court Judge for the Western District of

North Carolina, in Courtroom ___ of the United States Courthouse, 200 West Broad Street, Statesville, North Carolina 28677.

Any Settlement Class Member may appear and show cause why the Settlement should or should not be approved, or why the Final Judgment should or should not be entered; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment to be entered thereon, or Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, unless that Settlement Class Member has, on or before fourteen (14) calendar days before the Settlement Hearing, (a) served on the following counsel (i) a written notice of objection, including a written notice of his, her or its intention to appear, if he, she or it intends to do so, (ii) proof of his, her or its membership in the Settlement Class, (iii) a written statement of the position he, she or it will assert, (iv) the reason for his, her or its position, and (v) copies of any papers, briefs or other matter he, she or it wishes the Court to consider:

**Co-Lead Counsel for Plaintiffs:**

James M. Wilson , Jr.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Guri Ademi
Ademi & O'Reilly, LLP
3620 E. Layton Avenue
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: gademi@ademilaw.com

14

**Counsel for CommunityOne, Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, and Boyd C. Wilson, Jr.:**

Arthur Luk
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
Email: arthur.luk@apks.com

**Counsel for Capital Bank Financial Corp.:**

S. Christopher Szczerban
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
212-403-1000
Fax: 212-403-2000
Email: SCSzczerban@wlrk.com

and (b) filed said objections, papers and briefs with the Clerk of the United States District Court for the Western District of North Carolina, United States Courthouse, 200 West Broad Street, Statesville, North Carolina 28677 on or before the same date.

Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection (including any right of appeal) and shall forever be barred and foreclosed from making any objection, including any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court.

The Court has reserved the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Settlement Class Members. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class Members.

## VIII.  NOTICE TO PERSONS OR ENTITIES THAT HELD OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities who held shares of the common stock of CommunityOne included in the Settlement Class for the benefit of others are requested promptly to send this Notice to all of their respective beneficial owners. If additional copies of

the Notice are needed for forwarding to such beneficial owners, any requests for such copies may

be made to [INSERT NOTICE ADMINISTRATOR INFORMATION].

**IX.     EXAMINATION OF PAPERS**

This notice is not all-inclusive.  It contains only a summary of the terms of the proposed

Settlement.  For a more detailed statement of the matters involved in these proceedings, you may

refer to the Stipulation and the other papers on file with the Court in the Action.

If you have any questions, please make all inquiries to Plaintiffs' Counsel identified

above.  PLEASE DO NOT CONTACT THE COURT DIRECTLY.


Dated: _____

DISTRIBUTED BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**Case No. 05:16-CV-00037**

| | |
|---|---|
| IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION | **ORDER AND FINAL JUDGMENT** |

This matter having come before the Court pursuant to the Court's Order for Notice and Scheduling of Hearing of Settlement dated _____ (the "Notice Order"), for final approval of the terms of a Stipulation of Settlement ("Stipulation") dated January 31, 2017, made and entered into by and among (i) Plaintiffs Curtis Pendleton and Floyd Scrogham (collectively, "Plaintiffs") and (ii) Defendants CommunityOne Bancorp ("CommunityOne"), Capital Bank Financial Corp. ("Capital Bank"), Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, Boyd C. Wilson, Jr. (collectively, "Defendants," and together with Plaintiffs, the "Parties"), who constitute all of the parties in the above-captioned action (the "Action"); and the Court having held a hearing, on _____, 20__ at _____ a.m. / p.m. (the "Settlement Hearing") to consider the proposed settlement as embodied in the Stipulation (the "Settlement"); and the Court having determined that due, adequate and sufficient notice has been given in accordance with the Notice Order; and all parties duly appearing having been heard; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Notice Order; and the entire matter of the Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     This Court has jurisdiction over the subject matter of the Action and, for the purposes of settlement of the Action only, over all parties to the Action, including but not limited to, Plaintiffs, all members of the Settlement Class (as defined below), and the Defendants.

2.     The Court finds, for purposes of settlement only, that each of the requirements of Fed. R. Civ. P. 23 has been satisfied, in that (a) the members of the Settlement Class are so numerous that separate joinder of each member is impracticable, (b) Plaintiffs' claim or defense raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (c) Plaintiffs' claim or defense is typical of the claim or defense of each member of the class, (d) Plaintiffs can fairly and adequately protect and represent the interests of each member of the class, (e) the prosecution of separate claims or defenses by or against individual members of the Settlement Class would create a risk of either: (i) inconsistent or varying adjudications concerning individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants; or (ii) adjudications concerning individual members of the Settlement class, which would, as a practical matter, be dispositive of the interests of other members of the Settlement Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Settlement Class who are not parties to the adjudications to protect their interests; and (f) Plaintiffs' claims that Defendants have acted or refused to act on grounds generally applicable to all the members of the Settlement Class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate.

3.     Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for settlement purposes only, a non-opt-out class consisting of any and all record holders and beneficial owners of common stock of CommunityOne who held or owned such stock at any time during the period

2

beginning on and including November 23, 2015, through and including the date of consummation of the Merger (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"); provided that Settlement Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors in interest thereto.

4.      The Notice of Pendency and Proposed Settlement of Class Action (the "Notice") was sent to the Settlement Class Members pursuant to and in the manner directed by the Notice Order. A full opportunity to be heard has been afforded to all parties, the Settlement Class Members and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and is due and sufficient notice to the members of the Settlement Class pursuant to Fed. R. Civ. P. 23, due process and any other applicable law.  All Settlement Class Members are bound by this Order and Final Judgment.

5.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable and adequate and in the best interests of the Settlement Class, and should be approved. Accordingly, the Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety and incorporated into this Order and Final Judgment. The parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Plaintiffs, all Settlement Class Members and Defendants are hereby bound by the terms of the Settlement as set forth in the Stipulation.

3

6.    Upon the Effective Date of the Settlement (as defined in the Stipulation), any and all manner of claims, demands, rights, liabilities, damages, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, that Plaintiffs or any or all other Settlement Class Members ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, that could be brought by any Settlement Class Member based on his, her, or its ownership of CommunityOne stock during the Class Period, against any and every entity or natural person named as a defendant in the complaint or amended complaint in any of the Actions, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were served with process or appeared in the

Actions ("Released Persons"), in any court, tribunal, forum or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of CommunityOne), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement; (ii) any deliberations or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Defendants, and any of their respective officers, directors, principals, partners, or advisors; (iii) the consideration to be received by Class members in connection with the Merger; (iv) any other transaction or strategic option that CommunityOne did consider or could have considered as an alternative to the Merger; (v) the S-4 and all amendments thereto, the definitive joint proxy statement, and/or any public filings, press releases, or other disclosures made available or filed relating, directly or indirectly, to the Merger; (vi) any of the allegations in any of the complaints in the Actions, or any other actions, transactions, occurrences, statements, representations, omissions, allegations, facts, practices, events, claims, or any other matters, things, or causes whatsoever, that could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or otherwise related in any way to, the Actions or the subject matter of the Actions; or (vii) any benefits or consideration received by any of the Defendants in connection with the Merger (the "Settled Claims") shall be deemed to have, and by operation of this Order and Final Judgement shall have fully, finally and forever be completely, individually, collectively, and derivatively, settled, released, discharged, extinguished and dismissed with prejudice on the merits; provided, however, that the Settled Claims shall not include claims or

5

5

Case 5:16-cv-00037-RLV-DSC   Document 27-4   Filed 02/17/17   Page 69 of 72

rights to enforce the Settlement or any claims or rights of any Defendant against its insurers or its insurers' successors or assignees.

7.     Upon the Effective Date of the Settlement (as defined in the Stipulation), Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, released Plaintiffs and Plaintiffs' Counsel from any and all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions; provided, however, that Defendants shall retain the right to enforce the terms of this Stipulation and the Settlement and any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

8.     The Action is hereby dismissed as against all Defendants on the merits and with prejudice and without costs to any party as against any other party, except as otherwise agreed to in the Stipulation and as set forth herein.

9.     Plaintiffs, and all members of the Settlement Class, are permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action in any forum, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, any Settled Claims against any Released Persons.

10.    The Court, having considered the nature of the Action, the time and effort expended by Plaintiffs' Counsel, and the results obtained on behalf of the Settlement Class, hereby orders that CommunityOne or its successor(s) shall pay, on behalf of all Defendants, the sum of $_____ in attorneys' fees, costs and expenses to Plaintiffs' Counsel in accordance with, and subject to the terms and conditions of the Stipulation.

6

11.     Neither the Stipulation, the MOU (as defined in the Stipulation), the Settlement, this Order and Final Judgment, nor any act, communication or document relating to, or in furtherance of, the foregoing (a) is or may be deemed to be or may be used in any way as an admission of, or evidence of, the validity or lack of validity of any Settled Claims or of any wrongdoing or liability of Defendants or any Released Persons; or (b) is or may be deemed to be or may be used in any way as an admission of, or evidence of, any fault or omission of any of the Defendants or any other Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action or proceeding in this Court or otherwise, to argue, support or establish any claim, defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar claim, defense or counterclaim, or to secure or attempt to secure any insurance rights or proceeds of any of the Released Persons.

12.     The Court approves the Settlement and reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over the enforcement and administration of the Settlement and this Order and Final Judgment.

13.     If the Settlement does not become effective in accordance with the terms of the Stipulation for any reason, the Stipulation, any class certification and any actions taken or to be taken in connection therewith (including this Order and Final Judgment) shall be vacated, terminated and shall become null and void and of no further force and effect to the extent and as provided for in the Stipulation.

14.     All capitalized terms not defined in this Final Judgment shall have the meanings ascribed to them in the Stipulation.

15.     There being no just reason for delay, the Court hereby directs that this Order and Final Judgment be entered by the Clerk of the Court.


So ordered, this the __ day of _____, 2017.


_____
District Judge Richard Voorhees