**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| CURTIS PENDLETON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:16-CV-00037-RLV-DSC (consolidated case number) |
| ROBERT L. REID, SCOTT B. KAUFFMAN, JERRY R. LICARI, J. CHANDLER MARTIN, T. GRAY MCCASKILL, H. RAY MCKENNEY, JR., JOHN C. REDETT, BOYD C. WILSON, JR., COMMUNITYONE BANCORP, and CAPITAL BANK FINANCIAL CORP., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| FLOYD SCROGHAM, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:16-cv-00045-RLV-DSC (member case number) |
| ROBERT L. REID, SCOTT B. KAUFFMAN, JERRY R. LICARI, J. CHANDLER MARTIN, T. GRAY MCCASKILL, H. RAY MCKENNEY, JR., JOHN C. REDETT, BOYD C. WILSON, JR., COMMUNITYONE BANCORP, and CAPITAL BANK FINANCIAL CORP., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Curtis Pendleton's Unopposed

Motion for Preliminary Approval of Class Action Settlement (the "Motion"). (Doc. 27). Attached

to the Motion, Plaintiff submitted a Stipulation of Settlement. (Doc. 27-4), Defendants have not filed a response to Plaintiff's Motion and the time for them to do so has elapsed. Having reviewed the Stipulation of Settlement and the other documents accompanying Plaintiff's Motion, the Court finds that the proposed settlement appears to be fair, reasonable, and adequate, that it falls within the range of reasonability, and that it is appropriate for preliminary approval. A hearing on the matter to consider its final approval (the "Final Fairness Hearing") shall be held on **July 31, 2017**, at **10:00 a.m.**, at the United States Federal Courthouse, 200 W. Broad St., Statesville, North Carolina 28677, after notice to the Settlement Class Members, at which time the Court will determine whether the proposed settlement is fair, reasonable, and adequate, and whether a final Order and Judgment should be entered in this matter.

It is hereby **ORDERED**:

1. **Jurisdiction of Action & Parties:** The Court has jurisdiction over the subject matter of this action and over all settling parties hereto.

2. **Interpretation:** All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Stipulation of Settlement (Doc. 27-4 at 6-11).

3. **Class Members of Rule 23(b)(3) Class:** Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), this action is hereby conditionally certified, for settlement purposes only, as a non-opt-out class consisting of any and all record holders and beneficial owners of common stock of CommunityOne Bancorp (CommunityOne) who held or owned such stock at any time during the period beginning on and including November 23, 2015, through and including the date of consummation of the merger of CommunityOne and Capital Bank Financial Corp., on October 26, 2016.[1]

---

[1] The Settlement Class shall further include any and all successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees,

4.     **Class Representative and Class Counsel:**  Pursuant to Fed. R. Civ. P. 23, the Court reaffirms its designation of Plaintiff Curtis Pendleton as the Class Representative and Lead Plaintiff.  The Court further reaffirms the appointment of Faruqi & Faruqi, LLP, and Ademi & O'Reilly, LLP as Co-Lead Counsel for Plaintiff and the Settlement Class.

5.     **Preliminary Class Certification of the Settlement Class:** The Court preliminarily finds that, for settlement purposes only, the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

A.   The Settlement Class Members are so numerous that joinder of all of them in the action is impracticable (Fed. R. Civ. P. 23(a)(1));

B.   There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions (Fed. R. Civ. P. 23(a)(2) and (b)(3));

C.   The claims of the Lead Plaintiff are typical of the claims of the Settlement Class Members (Fed. R. Civ. P. 23(a)(3));

D.   The Lead Plaintiff and Co-Lead Counsel will fairly and adequately protect the interests of all of the Settlement Class Members (Fed. R. Civ. P. 23(a)(4)); and

E.   As to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy, and accordingly the requirements for certification of a settlement class under Rule 23(b)(3) are satisfied.

Such preliminary approval and findings are subject to further consideration at the Final Fairness Hearing.

6.     **Notice:** The court approves the form and substance of the written Notice, attached to the Settlement Agreement as Exhibit *C* (Doc. 27-4 at 49-64).  The proposed form and method

---

assignees and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under any of the foregoing to be a record holder and beneficial owner of common stock of CommunityOne within the specified period.  The Settlement Class, however, shall not include the individual Defendants, immediate family members of the individual Defendants, any entity in which at least one individual Defendant has a controlling interest, or any successors in interest thereto.

for notifying the Settlement Class Members of the Settlement, as well as its terms and conditions, satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds the proposed Notice is clearly designed to advise the Settlement Class Members of their rights. In accordance with the Settlement, CommunityOne, or its successor(s) in interest, shall cause a copy of the Notice to be mailed to the Settlement Class Members as expeditiously as possible, but no later than **June 12, 2017**. The Notice shall be mailed to the last known address of each shareholder of record, as the shareholder of record's address appears in the stock transfer records maintained by or on behalf of CommunityOne. All shareholders of record in the Settlement Class who were not also the beneficial owners of the shares of CommunityOne common stock held by them shall be requested to forward the Notice to such beneficial owners of those shares. CommunityOne, or its successor(s) in interest, shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Final Fairness Hearing, requests the same for distribution to beneficial owners. CommunityOne shall, no later than **July 24, 2017,** file, with the Court, an appropriate affidavit of proof of mailing with respect to the Notice.

7. **Objections:** Settlement Class Members shall be given the opportunity to object to the Settlement and to Co-Lead Counsel's application for attorney fees and costs. All objections to the Settlement or to Co-Lead Counsel's application for attorney's fees and costs must be in writing, filed with the Court, and served on Co-Lead Counsel and Defendants' Counsel at the addresses provided in the Notice so that the objections are received by the Court, Co-Lead Counsel, and Defendants' Counsel no later than **July 14, 2017**. Any objections must include the objecting individual's basis for asserting his or her membership in the Settlement Class and indicate whether

the objecting individual, or his or her counsel, intends to appear at the Final Fairness Hearing. If any such counsel does intend to appear at the Final Fairness Hearing, he or she must enter a written Notice of Appearance of Counsel with the Clerk of the Court, which shall include the full caption and case number of each previous class action case in which counsel has represented an objector. Such Notice of Appearance of Counsel shall be filed no later than **July 24, 2017**.

8.     **Final Fairness Filings**:  Submissions by the Parties, including memoranda in support of the proposed Settlement and any submissions in support of an application for an award of attorneys' fees and costs, shall be filed with the Court no later than **July 7, 2017**.  Any responses to objections by Settlement Class Members must be filed with the Court no later than **July 25, 2017**.

9.     **Final Fairness Hearing**:  The Court shall conduct a Final Fairness Hearing on **July 31, 2017**, at the Federal Courthouse located at 200 West Broad Street, Statesville, North Carolina 28677, commencing at **10:00 a.m.**, to review and rule upon the following issues:

A.     Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

C.     Whether the Stipulation of Settlement should be entered, dismissing the matter with prejudice and releasing the claims against the Defendants and the Released Persons; and

D.     To discuss and review other issues as the Court deems appropriate.

Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed Settlement.  Settlement Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing.  The Final Fairness Hearing may be postponed, adjourned,

transferred, or continued without further notice to non-objecting Settlement Class Members. Further, the Court, at the Final Fairness Hearing, may approve the Settlement, according to the terms and conditions of the Stipulation of Settlement, as it may be modified by the parties thereto, without additional notice to the Settlement Class Members.

10.     **Stay of Proceedings:**  All proceedings in the matter, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement and of this Order, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the Settlement should be approved, Settlement Class Members are barred and enjoined from asserting, commencing, prosecuting, instigating, or continuing any claims that are, or relate in any way, to any Settled Claims against Defendants or any Released Persons under the Stipulation of Settlement.

11.     **Continuing Jurisdiction:** The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Stipulation of Settlement, including the administration and enforcement of the Settlement.

12.     **Termination of Settlement:**  If the preliminarily approved Settlement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, (1) the Settlement Class shall be decertified; (2) the Stipulation of Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be inadmissible and null and void and shall not be used to the prejudice of any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and (3) all parties shall stand in the same procedural position as if the Stipulation of Settlement had not been negotiated, made, or filed with the Court.  If the Settlement does not receive final approval, the parties, with the exception of Defendants' obligation to provide

and pay for any expenses incurred in connection with the Notice as provided for by this Order, shall revert to their respective litigation positions as if the Stipulation of Settlement never existed.

13.      **Use of Order:**  This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by the Defendants or the Released Persons.  The Defendants and the Released Persons deny any liability or wrongdoing. Plaintiffs specifically believe they would have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation.  Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against Defendants or the Released Persons of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants or the Released Persons to class certification in the event that the Stipulation of Settlement is terminated or not given final approval.

**IT IS, THEREFORE, ORDERED THAT:**

(1)      Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 27) is **GRANTED**; and

(2)      This matter will come before the Court for a Final Fairness Hearing on **July 31, 2017** at **10:00 a.m.** at the Statesville Federal Courthouse.

**SO ORDERED.**

Signed: May 11, 2017

Richard L. Voorhees
United States District Judge