# EXHIBIT 1

| IN RE COMMUNITYONE BANCORP CONSOLIDATED STOCKHOLDER LITIGATION | STIPULATION OF SETTLEMENT |
| --- | --- |

This Stipulation of Settlement dated as of January 31, 2017 (the "Stipulation") is made and entered into in the above-captioned action by and among: (i) Plaintiffs Curtis Pendleton and Floyd Scrogham (on behalf of themselves and each of the Settlement Class Members (as defined in paragraph 1(r) below)), by and through their counsel of record, and (ii) Defendants (as defined in paragraph 1(e) below) by and through their respective counsel of record (collectively, the "Parties"). The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, settle and dismiss with prejudice the Settled Claims (as defined in paragraph 1(o) below), upon and subject to the terms and conditions hereof.

## I.  HISTORY OF THE LITIGATION

WHEREAS:

A.  On November 23, 2015, CommunityOne Bancorp ("CommunityOne") and Capital Bank Financial Corp. ("Capital Bank"), jointly announced entry into a definitive Agreement and Plan of Merger ("Merger Agreement") whereby CommunityOne will merge with and into Capital Bank (the "Merger"), with Capital Bank as the surviving corporation in the Merger. Immediately following the Merger, CommunityOne's wholly owned subsidiary, CommunityOne Bank, N.A., will merge with and into Capital Bank's wholly owned bank subsidiary with the Capital Bank subsidiary surviving. Under the Merger Agreement's terms, each issued and outstanding share of CommunityOne common stock will be cancelled and

automatically converted into the right to receive, at the election of each holder and subject to proration: (i) $14.25 in cash, or (ii) 0.430 shares of Capital Bank Class A common stock. No more than 85% of the outstanding CommunityOne shares will be converted into shares of Capital Bank and no more than 15% of the outstanding CommunityOne shares will be converted into cash.

B.     On December 18, 2015, Defendants (defined below) filed a Form S-4 Registration/Joint Proxy Statement ("S-4") with the U.S. Securities and Exchange Commission ("SEC") recommending CommunityOne stockholders vote in favor of the Merger Agreement. On February 16, 2016, and February 26, 2016, Defendants filed amended Forms S-4 with the SEC.

C.     On February 29, 2016, Pendleton filed a putative class action complaint (the "Pendleton Complaint"), on behalf of a putative class of all holders of CommunityOne's common stock, in the United States District Court for the Western District of North Carolina captioned *Curtis Pendleton v. Robert L. Reid et al*., Case No. 05:16-CV-00037 (the "Pendleton Action").

D.     On March 14, 2016, Scrogham filed a putative class action complaint (the "Scrogham Complaint" and together with the Pendleton Complaint the "Complaints"), on behalf of a putative class of all holders of CommunityOne's common stock, in the United States District Court for the Western District of North Carolina captioned *Floyd Scrogham v. Robert L. Reid et al*., Case No. 05:16-CV-00045 (the "Scrogham Action").

E.     The Complaints seek relief against CommunityOne, Capital Bank, and the following individuals: Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, and Boyd C. Wilson, Jr.  The Complaints

allege that the Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder.

F.     On March 4, 2016, Pendleton's counsel sent a demand letter to Defendants' counsel seeking the production of certain documents and taking depositions concerning the Merger prior to the shareholder vote on the Merger and Pendleton's anticipated motion to enjoin the Merger.

G.     After extensive negotiations between counsel, on or around March 9, 2016, Defendants and Pendleton entered into a confidentiality agreement regarding Defendants' production of internal corporate documents in response to Pendleton's March 4, 2016 letter. Pursuant to the March 9, 2016 confidentiality agreement, CommunityOne produced certain confidential documents to Pendleton's counsel.

H.     On March 15, 2016, Defendants filed with the SEC the Definitive Proxy that notified shareholders that the vote on the Merger would occur on April 18, 2016.

I.     On March 16, 2016, Pendleton's counsel served Defendants with a settlement demand letter to Defendants' counsel requesting that, among other things, CommunityOne make additional disclosures to its shareholders prior to the April 18, 2016 shareholder vote.

J.     On March 23, 2016, Pendleton and Scrogham filed a motion, unopposed by Defendants, to consolidate the Actions under the caption *In re CommunityOne Bancorp Consolidated Stockholder Litigation*, Case No. 5:16-cv-00037 (the "Consolidated Action," and together with Pendleton Action and the Scrogham Action, the "Actions"). The motion also sought to appoint Faruqi & Faruqi, LLP and Ademi & O'Reilly, LLP as Interim Co-Lead Counsel, Ward Black Law as Interim Co-Liaison Counsel, and Levi & Korsinsky, LLP as

3

additional class counsel.  The Court granted that motion as set forth in an order dated March 31, 2016.

K.     After extensive arm's-length negotiations, the Parties entered into a Memorandum of Understanding ("MOU") dated March 31, 2016, which reflects an agreement in principle to settle the Actions on the terms and subject to the conditions set forth in therein.

L.     On April 6, 2016, pursuant to the terms of the MOU, the Current Report on Form 8-K, attached hereto as Exhibit A, containing certain supplemental disclosures set forth in Exhibit 99.2 thereto (the "Supplemental Disclosures") was filed with the SEC.

M.     On April 18, 2016, the stockholders of CommunityOne and Capital Bank voted to approve the Merger.

N.     On May 17, 2016, Pendleton filed a motion to appoint Pendleton as Lead Plaintiff for the Consolidated Action and the selection of Faruqi & Faruqi, LLP and Ademi & O'Reilly, LLP as Co-Lead Counsel and Ward Black Law as Liaison Counsel.  That motion was granted as set forth in an order dated July 21, 2016.

O.     On October 25, 2016, Plaintiffs' Counsel served CommunityOne's counsel with a written demand pursuant to the terms of the MOU for additional discovery concerning the Merger and to schedule the depositions of witnesses from CommunityOne and CommunityOne's financial advisor that rendered the fairness opinion regarding the Merger, Sandler O'Neil + Partners ("Sandler O'Neil").  CommunityOne's counsel responded on October 28, 2016 via letter and thereafter the parties negotiated the production of additional documents and the scheduling for depositions.

P.     The Merger closed on October 26, 2016.

Q.     On November 15, 2016, Co-Lead Counsel took the deposition of CommunityOne's former Chief Executive Officer and Board member, Robert L. Reid.

R.     On December 2, 2016, Co-Lead Counsel took the deposition of a representative of Sandler O'Neil, Scott M. A. Clark.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the parties hereto:

**II.     DEFINITIONS**

1.     As used in this Stipulation, the following terms shall have the following meanings:

a.     "Action" means the action pending in the Court (as defined in paragraph (1)(d) below) captioned *In re CommunityOne Bancorp Consolidated Stockholder Litigation*, Case No. 5:16-cv-00037.

b.     "Capital Bank" means Capital Bank Financial Corp. and its predecessors, successors, parents, subsidiaries, divisions, and affiliates.

c.     "CommunityOne" means CommunityOne Bancorp and its predecessors, successors, parents, subsidiaries, divisions, and affiliates.

d.     "Court" means the United States District Court for the Western District of North Carolina.

e.     "Defendants" means, individually and collectively, Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, Boyd C. Wilson, Jr., CommunityOne, and Capital Bank.

f.     "Effective Date of the Settlement" means the earliest business day after the occurrence of all of the events specified in paragraph 8.

5

g.      "Final Approval" means that the Court has entered an order approving the Settlement and that such order is finally affirmed on appeal or is no longer subject to appeal and the time for any petition for reargument, appeal, or review, by discretionary review or otherwise, has expired.

h.      "Final Judgment" means the proposed Order and Final Judgment substantially in the form of Exhibit D attached hereto or as modified pursuant to agreement of the parties or order of the Court.

i.      "Notice" means the Notice of Pendency and Proposed Settlement of Class Action that is to be sent to Settlement Class Members (as defined in paragraph 1(r)) substantially in the form of Exhibit C attached hereto or as modified pursuant to agreement of the Parties or order of the Court.

j.      "Notice and Scheduling Order" means the Order for Notice and Scheduling of Hearing of Settlement substantially in the form of the proposed order attached hereto as Exhibit B or as modified pursuant to agreement of the Parties or order of the Court.

k.      "Parties" means collectively, each of the Defendants, and Plaintiffs on behalf of themselves and the Settlement Class Members (as defined in paragraph 1(r)).

l.      "Plaintiffs" means Curtis Pendleton and Floyd Scrogham.

m.      "Plaintiffs' Counsel" means Co-Lead Counsel Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017; Ademi & O'Reilly, LLP, 3620 E. Layton Avenue, Cudahy, WI 53110; Ward Black Law, 208 W. Wendover Ave., Greensboro, NC 27401; Levi & Korsinsky, LLP, 733 Summer Street, Suite 304,

Stamford, CT 06901; and their partners, officers, of counsel, principals, associates, and employees.

n. "Released Persons" means every entity or natural person named as a defendant in the complaint or amended complaint in any of the Actions, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were served with process or appeared in the Actions.

o. "Settled Claims" means any and all manner of claims, demands, rights, liabilities, damages, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or

not liquidated, fixed or contingent, that Plaintiffs or any or all other Settlement Class Members ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, that could be brought by any Settlement Class Member based on his, her, or its ownership of CommunityOne stock during the Class Period (defined in paragraph 1(q)), against any of the Released Persons (defined in paragraph 1(n)), in any court, tribunal, forum or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of CommunityOne), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement; (ii) any deliberations or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Defendants, and any of their respective officers, directors, principals, partners, or advisors; (iii) the consideration to be received by Class members in connection with the Merger; (iv) any other transaction or strategic option that CommunityOne did consider or could have considered as an alternative to the Merger; (v) the S-4 and all amendments thereto, the definitive joint proxy statement, and/or any public filings, press releases, or other disclosures made available or filed relating, directly or indirectly, to the Merger; (vi) any of the allegations in any of the complaints in the Actions, or any other actions, transactions, occurrences, statements, representations, omissions, allegations, facts, practices, events, claims, or any other matters, things, or causes whatsoever, that could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or otherwise related in

any way to, the Actions or the subject matter of the Actions; or (vii) any benefits or consideration received by any of the Defendants in connection with the Merger; provided, however, that the Settled Claims shall not include claims or rights to enforce the Settlement or any claims or rights of any Defendant against its insurers or its insurers' successors or assignees.

p. "Settlement" means the settlement contemplated by this Stipulation.

q. "Settlement Class" means a class without opt-out rights, certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23, consisting of any and all record holders and beneficial owners of common stock of CommunityOne who held or owned such stock at any time during the period beginning on and including November 23, 2015, through and including the date of consummation of the Merger (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Class"); provided that Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors in interest thereto.

r. "Settlement Class Members" means a person who, or entity that falls within the definition of the Settlement Class as set forth above in paragraph 1(q).

s.     "Settlement Hearing" means the final hearing to be held by the Court to determine whether the Settlement (defined in paragraph 1(p)) should be approved and the Final Judgment (defined in paragraph 1(h)) should be entered.

## III.     TERMS OF THE SETTLEMENT

2.     In consideration for the full and final settlement and release of all Settled Claims (as defined in paragraph 1(o)) and the dismissal with prejudice of the Action, and the other consideration set forth herein, CommunityOne agreed to provide, and did provide, the Supplemental Disclosures in a Current Report on Form 8-K filed with the SEC on April 6, 2016. Plaintiffs and Plaintiffs' Counsel were provided with and reviewed the Supplemental Disclosures prior to their filing with the SEC and the Parties' execution of the MOU. Without admitting any wrongdoing, Defendants acknowledge that CommunityOne's decision to make the Supplemental Disclosures was the result of the pendency of the Actions, Defendants' desire to settle the Actions, and negotiations between counsel for Defendants and Co-Lead Counsel for Plaintiffs. Plaintiffs and Plaintiffs' Counsel believe that, with the addition of the Supplemental Disclosures, the definitive joint proxy statement is materially complete and not misleading.

3.     The Settlement set forth herein reflects the results of the Parties' negotiations and was reached after arm's-length negotiations between the Parties, all of whom were represented by counsel with extensive experience and expertise in shareholder class action litigation.   All Parties represent that, during the negotiations, they had a clear view of the strengths and weaknesses of their respective claims and defenses.

4.     Plaintiffs and Plaintiffs' Counsel believe that the claims they have asserted in the Actions have legal merit, and that their claims were brought in good faith, and the entry by Plaintiffs into this Stipulation and Settlement is not an admission as to the lack of merit of any claims asserted in the Actions, but that they entered into the Stipulation and Settlement because

they believe the Settlement provides substantial benefits to the shareholders of CommunityOne, including an opportunity to make more fully informed decisions with respect to the Merger, and is fair, reasonable, and adequate.

5.  Defendants have denied, and continue to deny, any wrongdoing or liability with respect to all claims asserted in the Actions, including that they have committed any violations of law, that they have acted improperly in any way, that they have any liability or owe any damages of any kind to Plaintiffs or the Settlement Class, and that any additional disclosures (including the additional disclosures made in the Supplemental Disclosures) are required under any applicable rule, regulation, statute, or law, but are entering into this Stipulation and Settlement solely because they consider it desirable that the litigation be settled and dismissed with prejudice in order to, among other things, (i) eliminate the burden, inconvenience, expense, distraction and uncertainty of further litigation; and (ii) finally resolve and terminate the Settled Claims that were or could have been asserted against Defendants in the Actions.

**IV.    RELEASES**

6.  Upon the Effective Date of the Settlement (as defined in paragraph 1(f)), the Settled Claims (as defined in paragraph 1(o)) shall fully, finally and forever be completely, individually, collectively, and derivatively, settled, released, discharged, extinguished and dismissed with prejudice on the merits. The release provided for in this paragraph shall include all Settled Claims on behalf of Plaintiffs herein and all Settlement Class Members (as defined in paragraph 1(r)). Plaintiffs and all members of the Settlement Class shall be forever barred and enjoined from instituting, prosecuting, participating in, continuing, maintaining or asserting any Settled Claims, or assisting any person or entity in instituting, prosecuting, participating in, continuing, maintaining or asserting any Settled Claims, against any of the Released Persons (as

11

defined in paragraph 1(n)), whether directly or indirectly, on their own behalf or on behalf of any class or other person, in any jurisdiction, unless required to do so by law.

7.     Upon the Effective Date of the Settlement (as defined in paragraph 1(f)), Defendants (as defined in paragraph 1(e)) release Plaintiffs (as defined in paragraph 1(l)) and Plaintiffs' Counsel (as defined in paragraph 1(m)) from any and all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions; provided, however, that Defendants shall retain the right to enforce the terms of this Stipulation and the Settlement and any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

8.     Upon the Effective Date of the Settlement, all persons and parties who are releasing any claims in the Settlement (each a "Releasing Person") shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Persons also shall waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth herein, including any rights pursuant to any similar, comparable or equivalent provisions to Section 1542 of the California Civil Code or concerning the release of unknown claims. Plaintiffs, for themselves and on behalf of the Settlement Class, acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of

this release, but that it is their intention to fully, finally and forever settle and release any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs acknowledge, and the members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, was relied upon by each and all of the Defendants in entering into the Settlement, and is an integral element of the Settlement, without which the Parties would not agree to the Settlement.

### V.      SUBMISSION AND APPLICATION TO THE COURT

9.      As soon as practicable after this Stipulation has been executed, the Parties shall present the Settlement and Stipulation to the Court and shall apply for entry of a Notice and Scheduling Order in the form attached hereto as Exhibit B, providing for, among other things, (i) preliminary approval of the Settlement; (ii) certification of the Settlement Class, for settlement purposes only; (iii) approval of the proposed Notice attached hereto as Exhibit C; and (iv) scheduling of a Settlement Hearing. The Parties will use their best efforts to obtain expeditiously Final Approval of the Settlement and Stipulation and the dismissal of the Action with prejudice.

10.      CommunityOne (or its successor(s) in interest or insurers) shall be responsible for providing Notice of the Settlement to the Settlement Class Members and shall pay all reasonable costs and expenses incurred in connection therewith.

### VI.      CONDITIONS OF SETTLEMENT

11.      This Stipulation and the Settlement provided for herein are expressly conditioned on and subject to: (i) the consummation of the Merger; (ii) the certification of the proposed Settlement Class (as defined in paragraph 1(q)) on a non-opt out basis for purposes of settlement only; (iii) dismissal of the Actions with prejudice on the merits as to all members of

13

the Class (including Plaintiffs) without the award of any damages, costs, fees or the grant of further relief except for the payments contemplated by the Settlement; (iv) approval of a release of the Released Persons by the Court, in accordance with the definition of Settled Claims and other provisions of this Stipulation; (v) entry of a Final Judgment; and (vi) Final Approval of the Settlement.

12.     Defendants shall have the right to withdraw from and terminate the Settlement in the event that (i) any court permanently or temporarily enjoins or otherwise precludes the Merger; (ii) Final Approval of the Settlement is not obtained for any reason; or (iii) any Released Claim is commenced or prosecuted against any of the Released Parties in any court prior to Final Approval of the Settlement, and (following a motion by any Defendant) any such claim is not dismissed with prejudice or stayed in contemplation of dismissal with prejudice following Final Approval. In the event that any such claim is commenced or prosecuted against any of the Released Parties, the Parties shall cooperate and use their best efforts to secure the dismissal with prejudice thereof (or a stay thereof in contemplation of dismissal with prejudice following Final Approval of the Settlement).

13.     This Stipulation shall be null and void and of no force or effect should the Settlement not obtain Final Approval for any reason, the Court decline to certify a Settlement Class as described in this Stipulation, or any of the conditions set forth in paragraph 10 not be met. If the Settlement does not receive Final Approval or is nullified or terminated for any reason, (i) the parties shall be deemed to be in the position they were in prior to the execution of the MOU; (ii) the statements made in the MOU, this Stipulation and in connection with the negotiation of the MOU, this Stipulation or the Settlement shall not be deemed to prejudice in any way the positions of the Parties with respect to the Actions, or any other litigation or judicial

proceeding, or to constitute an admission of fact or wrongdoing by any of the Parties, shall not be used or entitle any of the Parties to recover any fees, costs, or expenses incurred in connection with the Actions or in connection with any other litigation or judicial proceeding; and (iii) neither the existence of the Settlement, the MOU or this Stipulation, nor any of their contents or any statements made in connection with their negotiation, or any other settlement communications, shall be admissible in evidence or shall be referred to for any purpose in the Actions or in any other litigation or judicial proceeding.

## VII.    ATTORNEYS' FEES

14.    After negotiating the substantive terms of the Settlement, the Parties engaged in an arm's-length negotiation regarding attorneys' fees and expenses to be paid to Plaintiffs' Counsel for their role in the prosecution and settlement of the Action.  As a result of these negotiations, Defendants have agreed not to object to or oppose an application for fees, costs and expenses made by Plaintiffs' Counsel, provided that such an application is made in an aggregate amount no greater than $500,000.00 (the "Agreed Fee").  CommunityOne or its successor(s) shall pay the amount, if any, of the attorneys' fees, costs and expenses approved and awarded by the Court up to the amount of the Agreed Fee (the "Fee Award") to Plaintiffs' Counsel on behalf of all Defendants within ten (10) days after (a) the Court's entry of the Final Judgment or judgment substantially in the form of Exhibit D awarding such attorneys' fees, costs and expenses, notwithstanding any objection thereto or potential appeal therefrom; and (b) receipt of written payment instructions from Plaintiffs' Counsel.  In the event that the Effective Date of the Settlement does not occur, the Final Judgment is reversed or modified on appeal, the order of the Court approving the Fee Award is reversed or modified on appeal, or the Fee Award is reduced as a result of any further proceedings or successful collateral attack, then it shall be the obligation of Plaintiffs' Counsel to make appropriate refunds or repayments to

15

CommunityOne or its successor(s) of a portion of the Fee Award previously paid consistent with such reversal, modification or reduction, within twenty (20) days from receiving notice thereof.

15.     Court approval of the Settlement shall not in any way be conditioned on Court approval of any application for attorneys' fees, costs or expenses. Any failure of the Court to approve any requested award of attorneys' fees, costs or expenses, in whole or in part, shall not affect the remainder of the Settlement.

16.     Plaintiffs' Counsel, jointly and in their sole discretion, shall determine the allocation among counsel for the Plaintiffs of any attorneys' fees, costs and expenses approved by the Court and paid by Defendants. Defendants shall have no responsibility for, and liability with respect to, the allocation or distribution of any attorneys' fees, costs or expenses among counsel for Plaintiffs or any other person or entity who may assert any claim thereto. Except as provided herein, the Released Persons shall bear no other expenses, costs, damages, or fees alleged or incurred by Plaintiffs in connection with the Actions or by any of their attorneys, experts, advisors, agents, or representatives.

## VIII.     MISCELLANEOUS PROVISIONS

17.     All Parties agree to at all times support this Settlement in accordance with and subject to its terms and agree not to, in any manner, undermine, or take any action the effect of which would be to undermine this Settlement.

18.     Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are and have been continuous shareholders of CommunityOne at all relevant times, including the entire Class Period, and that none of Plaintiffs' claims or causes of action referred to in the Complaints, in the Actions or in this Stipulation have been assigned, encumbered or in any manner transferred, in whole or in part. Plaintiffs shall provide to counsel for Defendants

promptly, and in any event prior to the submission of this Settlement and Stipulation to the Court for approval, written proof of ownership of CommunityOne stock at all relevant times.

19.     The Parties agree that, pending Final Approval, all proceedings in the Actions, except those related to the Settlement, shall be stayed.  Plaintiffs agree not to initiate, assert, commence, prosecute, assist, instigate, continue, or in any way participate in any other proceedings in any forum, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, any Settled Claims against any Released Person, other than those that are incident to the Settlement itself.  The Parties also agree to use their best efforts to prevent, stay or seek dismissal of or oppose entry of any interim or final relief in favor of any Settlement Class Member in any other litigation against any of the parties to this Stipulation which challenges the Settlement, the Merger or the Merger Agreement or otherwise involves a Settled Claim.

20.     The provisions contained in this Stipulation and all negotiations, discussions and proceedings in connection with this Settlement shall not be deemed or constitute a presumption, concession or an admission by any party in the Action of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of this Stipulation.

21.     This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and may not be amended, nor any of their provisions be waived, except by a writing signed by all of the parties hereto.

22. This Stipulation, and all rights and powers granted hereby, shall be binding on and inure to the benefit of the parties hereto (including all Settlement Class Members) and their respective agents, executors, heirs, legal representatives, successors and assigns.

23. This Stipulation shall be governed by, and construed in accordance with the laws of the State of North Carolina, exclusive of choice of law provisions.

24. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

25. Released Persons who are not Parties hereto shall be third-party beneficiaries under this Stipulation entitled to enforce it in accordance with its terms.

26. This Stipulation will be executed by counsel for the Parties, each of whom represents and warrants that he has the authority from his client(s) to enter this Stipulation.

27. This Stipulation may be signed in any number of counterparts with the same effect as if the signatures thereto and hereto were upon the same instrument. Signed signature pages of this Stipulation may be delivered by facsimile, e-mail or PDF transmission, which will constitute complete delivery without any necessity for delivery of originally signed signature pages in order for this to constitute a binding agreement.

**Counsel for Plaintiffs:**

James M. Wilson , Jr.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Janet Ward Black
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
Fax: 336-379-9415
Email: jwblack@wardblacklaw.com

Guri Ademi
Ademi & O'Reilly, LLP
3620 E. Layton Avenue
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: gademi@ademilaw.com

*Plaintiffs' Co-Lead Counsel and Counsel
for Plaintiff Curtis R. Pendleton*

Shane T. Rowley
Levi & Korsinsky LLP
733 Summer Street, Suite 304
Stamford, CT 06901
203-992-4523
Fax: 212-363-7171
Email: srowley@zlk.com

*Counsel for Plaintiff Floyd Scrogham*

**Counsel for CommunityOne and Robert L.
Reid, Scott B. Kauffman, Jerry R. Licari, J.
Chandler Martin, T. Gray McCaskill, H. Ray
McKenney, John C. Redett, and Boyd C.
Wilson, Jr.:**

John C. Massaro
Arthur Luk
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
Email: john.massaro@apks.com
Email: arthur.luk@apks.com

19

Janet Ward Black
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
Fax: 336-379-9415
Email: jwblack@wardblacklaw.com

Guri Ademi
Ademi & O'Reilly, LLP
3620 E. Layton Avenue
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: gademi@ademilaw.com

*Plaintiffs' Co-Lead Counsel and Counsel*
*for Plaintiff Curtis R. Pendleton*

_____

Shane T. Rowley
Levi & Korsinsky LLP
733 Summer Street, Suite 304
Stamford, CT 06901
203-992-4523
Fax: 212-363-7171
Email: srowley@zlk.com

*Counsel for Plaintiff Floyd Scrogham*

**Counsel for CommunityOne and Robert L.**
**Reid, Scott B. Kauffman, Jerry R. Licari, J.**
**Chandler Martin, T. Gray McCaskill, H. Ray**
**McKenney, John C. Redett, and Boyd C.**
**Wilson, Jr.:**

_____

John C. Massaro
Arthur Luk
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
Email: john.massaro@apks.com
Email: arthur.luk@apks.com

H. Landis Wade , Jr.
McGuireWoods, LLP
PO Box 31247
Charlotte, NC 28231
704-343-2056
Fax: 704-444-8780
Email: lwade@mcguirewoods.com

**Counsel for Capital Bank Financial Corp.:**

S. Christopher Szczerban
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
212-403-1000
Fax: 212-403-2000
Email: SCSzczerban@wlrk.com

Ronald R. Davis
Brent F. Powell
Womble Carlyle Sandridge & Rice LLP
One West Fourth Street
Winston-Salem, NC 27106
336-721-3600
Email: rdavis@wcsr.com
Email: brpowell@wcsr.com