UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 05:16-CV-00037

| | |
|---|---|
| CURTIS PENDLETON and FLOYD SCROGHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT L. REID, SCOTT B. KAUFFMAN, JERRY R. LICARI, J. CHANDLER MARTIN, T. GRAY MCCASKILL, H. RAY MCKENNEY, JR., JOHN C. REDETT, BOYD C. WILSON, JR., COMMUNITYONE BANCORP, and CAPITAL BANK FINANCIAL CORP.,<br><br>Defendants. | <u>ORDER</u> |

**THIS MATTER** comes before the Court on Curtis Pendleton's Unopposed Motion for Settlement, (Doc. No. 30), and Joint Motion for All Parties for Entry of Final Judgment, (Doc. No. 38).

Previously, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Notice Order") for final approval of the terms of a Stipulation of Settlement dated as of January 31, 2017 ("Stipulation"), made and entered into by and among:

(i) Plaintiffs Curtis Pendleton and Floyd Scrogham (collectively, "Plaintiffs") and

(ii) Defendants CommunityOne Bancorp ("CommunityOne"), Capital Bank Financial Corp. ("Capital Bank"), Robert L. Reid, Scott B. Kauffman, Jerry R. Licari, J. Chandler Martin, T. Gray McCaskill, H. Ray McKenney, John C. Redett, Boyd C. Wilson, Jr. (collectively, "Defendants," and together with Plaintiffs, the "Parties").

(Doc. Nos. 27, 29). Defendants constitute all of the parties in the above-captioned action (the "Action").

The Court held a hearing on July 31, 2017 (the "Settlement Hearing") to consider the proposed settlement as embodied in the Stipulation (the "Settlement"). (Doc. No. 36). Due, adequate, and sufficient notice has been given in accordance with the Notice Order and all parties duly appearing having been heard. Furthermore, an opportunity to be heard has been given to all other persons desiring to be heard as provided in the Notice Order and no such persons have submitted timely objections as provided in the Notice Order. The entire matter of the Settlement, therefore, has been heard and considered by the Court.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the Action and, for the purposes of settlement of the Action only, over all parties to the Action, including but not limited to, Plaintiffs, all members of the Settlement Class (as defined below), and the Defendants.

2. The Court finds, for purposes of settlement only, that each of the requirements of Fed. R. Civ. P. 23 has been satisfied, in that:

(a) the members of the Settlement Class are so numerous that separate joinder of each member is impracticable,

(b) Plaintiffs' claim or defense raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class,

(c) Plaintiffs' claim or defense is typical of the claim or defense of each member of the class,

(d) Plaintiffs can fairly and adequately protect and represent the interests of each member of the class,

(e) the prosecution of separate claims or defenses by or against individual members of the Settlement Class would create a risk of either:

   (i) inconsistent or varying adjudications concerning individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants; or

   (ii) adjudications concerning individual members of the Settlement class, which would, as a practical matter, be dispositive of the interests of other members of the Settlement Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Settlement Class who are not parties to the adjudications to protect their interests; and

(f) Plaintiffs' claims that Defendants have acted or refused to act on grounds generally applicable to all the members of the Settlement Class, thereby

making final injunctive relief or declaratory relief concerning the class as a whole appropriate.

3. Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for settlement purposes only, a non-opt-out class consisting of any and all record holders and beneficial owners of common stock of CommunityOne who held or owned such stock at any time during the period beginning on and including November 23, 2015, through and including the date of consummation of the Merger on October 26, 2016 (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"); provided that Settlement Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors in interest thereto.

4. The Notice of Pendency and Proposed Settlement of Class Action (the "Notice") was sent to the Settlement Class Members pursuant to and in the manner directed by the Notice Order. Additionally, on July 11, 2017, notice pursuant to 28 U.S.C. § 1715 enacted as a component of the Class Action Fairness Act of 2005 ("CAFA Notice"), was sent to state and federal officials pursuant to that statute. Proof of such notice was filed with the Court on July 14, 2017. A full opportunity to be heard has been afforded to all parties, the Settlement Class Members, the

recipients of the CAFA Notice and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and is due and sufficient notice to the members of the Settlement Class pursuant to Fed. R. Civ. P. 23, due process and any other applicable law. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been fully discharged and that the 90-day period provided for in 28 U.S.C. § 1715(d) has expired. All Settlement Class Members are bound by this Order and Final Judgment.

5. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable and adequate and in the best interests of the Settlement Class, and should be approved. Accordingly, the Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety and incorporated into this Order and Final Judgment. The parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Plaintiffs, all Settlement Class Members and Defendants are hereby bound by the terms of the Settlement as set forth in the Stipulation.

6. Upon the Effective Date of the Settlement (as defined in the Stipulation), any and all manner of claims, demands, rights, liabilities, damages, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or

unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, that Plaintiffs or any or all other Settlement Class Members ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, that could be brought by any Settlement Class Member based on his, her, or its ownership of CommunityOne stock during the Class Period, against any and every entity or natural person named as a defendant in the complaint or amended complaint in any of the Actions, and each of their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, legatees, devisees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, whether or not such persons and entities were served with process or appeared in the Actions ("Released Persons"), in any court, tribunal, forum or proceeding, whether based on state, local,

foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of CommunityOne), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly:

(i) the Merger or the Merger Agreement;

(ii) any deliberations or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by Defendants, and any of their respective officers, directors, principals, partners, or advisors;

(iii) the consideration to be received by Class members in connection with the Merger;

(iv) any other transaction or strategic option that CommunityOne did consider or could have considered as an alternative to the Merger;

(v) the S-4 and all amendments thereto, the definitive joint proxy statement, and/or any public filings, press releases, or other disclosures made available or filed relating, directly or indirectly, to the Merger;

(vi) any of the allegations in any of the complaints in the Actions, or any other actions, transactions, occurrences, statements, representations, omissions, allegations, facts, practices, events,

7

claims, or any other matters, things, or causes whatsoever, that could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or otherwise related in any way to, the Actions or the subject matter of the Actions; or

(vii) any benefits or consideration received by any of the Defendants in connection with the Merger (the "Settled Claims") shall be deemed to have, and by operation of this Order and Final Judgement shall have fully, finally and forever be completely, individually, collectively, and derivatively, settled, released, discharged, extinguished and dismissed with prejudice on the merits; provided, however, that the Settled Claims shall not include claims or rights to enforce the Settlement or any claims or rights of any Defendant against its insurers or its insurers' successors or assignees.

7. Upon the Effective Date of the Settlement (as defined in the Stipulation), Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, released Plaintiffs and Plaintiffs' Counsel from any and all claims, complaints, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Actions; provided, however, that Defendants shall retain the right to enforce the terms of this

Stipulation and the Settlement and any claims or rights of any Defendant against its insurers or insurers' successors or assignees.

8. The Action is hereby dismissed as against all Defendants on the merits and with prejudice and without costs to any party as against any other party, except as otherwise agreed to in the Stipulation and as set forth herein.

9. Plaintiffs, and all members of the Settlement Class, are permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action in any forum, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, any Settled Claims against any Released Persons.

10. The Court, having considered the nature of the Action, the time and effort expended by Plaintiffs' Counsel, and the results obtained on behalf of the Settlement Class, hereby orders that CommunityOne or its successor(s) shall pay, on behalf of all Defendants, the sum of $500,000.00 in attorneys' fees, costs and expenses to Plaintiffs' Counsel in accordance with, and subject to the terms and conditions of the Stipulation.

11. Neither the Stipulation, the MOU (as defined in the Stipulation), the Settlement, this Order and Final Judgment, nor any act, communication or document relating to, or in furtherance of, the foregoing:

(a) is or may be deemed to be or may be used in any way as an admission of, or evidence of, the validity or lack of validity of any Settled Claims or of any wrongdoing or liability of Defendants or any Released Persons; or

(b) is or may be deemed to be or may be used in any way as an admission of, or evidence of, any fault or omission of any of the Defendants or any other Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action or proceeding in this Court or otherwise, to argue, support or establish any claim, defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar claim, defense or counterclaim, or to secure or attempt to secure any insurance rights or proceeds of any of the Released Persons.

12. The Court approves the Settlement and reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over the enforcement and administration of the Settlement and this Order and Final Judgment.

13. If the Settlement does not become effective in accordance with the terms of the Stipulation for any reason, the Stipulation, any class certification and any actions taken or to be taken in connection therewith (including this Order and Final Judgment) shall be vacated, terminated and shall become null and void and of no further force and effect to the extent and as provided for in the Stipulation.

14. All capitalized terms not defined in this Final Judgment shall have the meanings ascribed to them in the Stipulation.

15. There being no just reason for delay, the Court hereby directs that this Order and Final Judgment be entered by the Clerk of the Court.

**IT IS, THEREFORE, ORDERED** that:

1. Curtis Pendleton's Unopposed Motion for Settlement, (Doc. No. 30), is **GRANTED;**

2. Curtis Pendleton's Joint Motion for All Parties for Entry of Final Judgment, (Doc. No. 38), **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 7, 2018

Robert J. Conrad, Jr.
United States District Judge